[Cite as *State v. C.A.*, 2014-Ohio-2621.]

IN THE COURT OF APPEALS OF OHIO

TENTH APPELLATE DISTRICT

| | | |
|---|---|---|
| State of Ohio,<br>[and City of Columbus], | : | |
| | : | **No. 13AP-982** |
| Plaintiffs-Appellants, | | (M.C. 2013 CRX 052260) and |
| v. | : | **No. 13AP-1001** |
| | | (M.C. No. 2013 CRX 52261) |
| C.A., | : | |
| | | **(REGULAR CALENDAR)** |
| Defendant-Appellee. | : | |

D E C I S I O N

Rendered on June 17, 2014

*Ron O'Brien*, Prosecuting Attorney, and *Michael P. Walton*; *Richard C. Pfeiffer, Jr.*, Columbus City Attorney, and *Melanie R. Tobias,* for appellants.

*Yeura R. Venters*, Franklin County Public Defender, and *Emily L. Huddleston,* for appellee.

APPEALS from the Franklin County Municipal Court

DORRIAN J.

{¶ 1} The Franklin County Municipal Court entered separate judgments granting two applications filed pursuant to R.C. 2953.52(A)(1) by defendant-appellee, C.A. ("appellee"), seeking the sealing of the records of two criminal cases. The two cases included four criminal drug-related charges filed against appellee in May 2012, and the municipal court ultimately dismissed the charges in both cases. Plaintiff-appellant, State of Ohio ("the state"), has appealed one of those judgments (2013 CRX 052260), and the appeal has been docketed in this court as case No. 13AP-982. Appellant City of Columbus ("the city") has appealed the second of those judgments (2013 CRX 052261), and that appeal has been docketed in this court as case No. 13AP-1001. We consolidated the two appeals for purposes of the filing of the records, briefing, and oral argument. For the

following reasons, we reverse and remand both cases to the municipal court for further proceedings.

## I. Facts and Case History

{¶ 2}  On May 30, 2012, an officer of the Ohio State Patrol issued numerous citations to appellee in the course of a traffic stop, including speeding and operating a vehicle while intoxicated ("OVI"), in violation of R.C. 4511.19(A)(1)(a), a misdemeanor of the first degree.  The officer also cited appellee for four drug-related offenses.

{¶ 3}  The most serious of the four drug-related charges was one charging appellee with the offense of aggravated possession of drugs (heroin), in violation of R.C. 2925.11(C)(1), a felony of the fifth degree (case No. 2012 CRA 13538).  On May 31, 2012, the day after her arrest, the state amended the charge to attempted possession of drugs, a misdemeanor of the first degree.  The case was assigned to a specialty docket program of the Franklin County Municipal Court.[1]  Appellee pleaded guilty to the amended charge. From the bench, the court ordered appellee to pay a fine and serve a 180-day sentence, to be suspended during a one-year period of community control. Appellee thereafter participated in and successfully completed the one-year specialty program administered by the court.  On August 1, 2013, the court dismissed the attempted drug-possession charge because appellee successfully completed the specialty program.

{¶ 4}  The remaining three drug-related charges, all misdemeanors, were prosecuted by the Columbus City Attorney in Municipal Court case No. 2012 CRB 13537. Those charges were possession of drug paraphernalia (smoking bowl), in violation of R.C. 2925.14(A)(9), possession of a drug abuse instrument (syringe), in violation of R.C. 2925.12(A), and possession of marijuana, in violation of R.C. 2925.11(C)(3).  The court ultimately dismissed these charges.

{¶ 5}  The charges of operating a vehicle while intoxicated ("OVI") and speeding proceeded in a third case, Municipal Court case No. 2012 TRC 146198.  On July 23, 2012, appellee pleaded guilty to a first offense of OVI; the court ordered a fine of $375 and sentenced appellee to 180 days in jail, with three days of jail time credited for time served.

---

[1] It is unclear from the record whether the case was assigned to the court's specialty docket program CATCH (for eligible defendants charged with solicitation offenses) or specialty docket ADAP program (for eligible

The remaining 177 days were suspended pending successful completion of probation. The court dismissed the speeding charge.

{¶ 6} In summary, on May 30, 2012, appellee was cited for speeding, OVI, and four drug-related offenses, three of which were initially charged as misdemeanors, and one of which was later amended from a felony to a misdemeanor. The court ultimately dismissed all four of the drug-related charges. Appellee was also convicted and sentenced for OVI.

{¶ 7} On August 22, 2013, appellee filed two applications pursuant to R.C. 2953.52,[2] asking the court to seal the records of the two cases involving the four drug-related charges. Appellee has not sought the sealing of the record of her OVI case. Both the city attorney and the county prosecutor filed written objections to the applications, arguing that appellee was not eligible for a sealing of the records of the drug-related charges pursuant to R.C. 2953.61. They argued that appellee's OVI offense arose from the same incident as the drug-related charges and that, under R.C. 2953.61, the court was unable to seal the records of the two cases involving drug-related charges because of the existence of appellee's OVI conviction, which is not eligible for sealing.

{¶ 8} On October 29, 2013, the court held a hearing on appellee's applications and ordered the sealing of the records of case Nos. 2012 CRA 13537 and 2012 CRA 3538. Both the city and the state have appealed, and we have consolidated the two appeals.

{¶ 9} In a joint brief, the state and the city assert a single assignment of error, as follows:

> THE TRIAL COURT ERRED IN GRANTING THE APPLICA-
> TION TO SEAL THE RECORDS OF TWO CASES, WHERE
> THE APPLICATIONS WERE BARRED BY R.C. 2953.61.

---

defendants charged with offenses relating to drug and/or alcohol addiction). See Franklin County Municipal Court Loc.R. 8.04.

[2] R.C. 2953.52 provides in pertinent part, as follows:

> (A)(1) Any person, who is found not guilty of an offense by a jury or a court or who is the defendant named in a dismissed complaint, indictment, or information, may apply to the court for an order to seal the person's official records in the case. Except as provided in section 2953.61 of the Revised Code, the application may be filed at any time after the finding of not guilty or the dismissal of the complaint, indictment, or information is entered upon the minutes of the court or the journal, whichever entry occurs first.

## II. Legal Analysis

{¶ 10} In this appeal, appellants argue that the trial court erred in sealing the record of appellee's dismissed drug-related cases pursuant to R.C. 2953.61, as interpreted by the Supreme Court of Ohio in *State v. Pariag*, 137 Ohio St.3d 81, 2013-Ohio-4010.

{¶ 11} The syllabus to *Pariag* provides as follows:

> A trial court is precluded, pursuant to R.C. 2953.61, from sealing the record of a dismissed charge if the dismissed charge arises "as the result of or in connection with the same act" that supports a conviction when the records of the conviction are not sealable under R.C. 2953.36, regardless of whether the charges are filed under separate case numbers.

{¶ 12} R.C. 2953.61, referenced above, provides as follows:

> When a person is charged with two or more offenses *as a result of or in connection with the same act* and at least one of the charges has a final disposition that is different than the final disposition of the other charges, the person may not apply to the court for the sealing of his record in any of the cases until such time as he would be able to apply to the court and have all of the records in all of the cases pertaining to those charges sealed pursuant to divisions (A)(1) and (2) of section 2953.32 and divisions (A)(1) and (2) of section 2953.52 of the Revised Code.

(Emphasis added.)

{¶ 13} R.C. 2953.36, also referenced in *Pariag,* provides as follows:

> Sections 2953.31 to 2953.35 of the Revised Code [outlining the criteria, process and effect of the sealing of the records of convictions] do not apply to any of the following:
>
> * * *
>
> (B) Convictions under * * * Chapter * * * 4511. * * * of the Revised Code, or a conviction for a violation of a municipal ordinance that is substantially similar to any section contained in any of those chapters[.]

{¶ 14} OVI is an offense delineated in R.C. 4511.19, and an OVI conviction is therefore a conviction under R.C. Chapter 4511, the records of which may not be sealed. *Accord Pariag* at ¶ 19 *(*"Under R.C. 2953.36(B), a traffic conviction cannot be sealed.").

{¶ 15} The facts in *Pariag*[3] are similar to those in the case now before us in that both Pariag and appellee were convicted of one misdemeanor traffic offense, while one or more other drug-related charges that had been contemporaneously, but separately, filed against them were dismissed. That is, in both *Pariag* and the case before us, the court convicted the defendant of a traffic offense but dismissed a contemporaneously filed, but separate, case alleging drug-related charges.

{¶ 16} In *Pariag*, 137 Ohio St.3d 81, the Supreme Court held that, under the unambiguous terms of R.C. 2953.61, "[a] trial court is precluded from sealing the record of a dismissed charge pursuant to R.C. 2953.61 if the dismissed charge arises 'as [a] result of or in connection with the same act' that supports a conviction that is exempt from sealing under R.C. 2953.36, regardless of whether the charges are filed under separate case numbers." *Id.* at ¶ 21. It held that, if the dismissed drug-related charges against Pariag and the DUS (driving under suspension) charge "arose as a result of or in connection with the same act," then sealing of the records of the dismissed charges would be precluded. The Supreme Court remanded the *Pariag* case for the trial court to consider whether Pariag's DUS charge (a traffic offense exempt from sealing) "arose as a result of or in connection with the same act" as did the drug-related charges.

{¶ 17} In the case before us, it is clear from the Supreme Court's decision in *Pariag* that, if appellee's drug-related charges and her OVI "arose as a result of or in connection with the same act," then sealing of the records of the dismissed drug-related charges against her is precluded. As in *Pariag,* however, the record does not reflect that the trial court made a determination as to whether the OVI and the drug-related charges arose as a

---

[3] This court described the underlying facts in *Pariag* as follows*:*

> On December 31, 2010, the Ohio State Highway Patrol issued a traffic stop on Interstate 71 in Columbus, Ohio. Appellee's license had previously been suspended, so he was charged with driving under suspension, in violation of R.C. 4510.11(A), a first-degree misdemeanor. At the time of the traffic stop, appellee allegedly had in his possession a plastic bag of marijuana and rolling papers. He was therefore charged with possession of drugs, in violation of R.C. 2925.11(C)(3), a minor misdemeanor, and possession of drug paraphernalia, in violation of R.C. 2925.14(C)(1), a fourth-degree misdemeanor. Separate complaints were filed with respect to the traffic charge and drug charges. Thus, the traffic charge was filed in case No. 2011 TRD 100861, while the drug charges were filed in case No. 2011 CRB 239. Appellee pleaded guilty to the traffic charge in 2011 TRD 100861, and, in exchange, the drug charges in 2011 CRB 239 were dismissed.

*In re Application of Pariag*, 10th Dist. No. 11AP-569, 2012-Ohio-1376, ¶ 2.

result of or in connection with the same act. Indeed, appellants acknowledge that "the trial court was required to determine whether all of [appellee's] cases arose from or were connected to the same act * * * [but] failed to make a direct determination on that issue." (Joint Appellants' Brief, 12.) Accordingly, we hold that, pursuant to *Pariag,* the trial court erred in sealing the records of appellee's dismissed drug-related cases without having first determined that appellee's OVI charge (an offense not eligible for sealing) "arose as a result of or in connection with the same act" as did the drug-related charges.

{¶ 18} The appellants contend that, in the case before us, the record demonstrates that appellee was cited in both the OVI case and the drug-related cases on the same date, at the same location, and by the same police officer. It argues that all of the charges against appellee accordingly "arose from the same incident" (Appellants' Brief, 7), and that *Pariag* thus precludes sealing of the records of appellee's misdemeanor drug-related cases. In so arguing, appellants imply that charges "arising from the same incident" necessarily equates to charges "arising as the result of or in connection with the same act" and urges us to remand this matter to the trial court with instructions that it deny appellee's application for sealing of the records.

{¶ 19} The Supreme Court in *Pariag*, however, could have, but did not, dispose of that case by remanding it to the trial court with instructions to deny the application. Rather, it remanded the case for the trial court to determine in the first instance whether Pariag's DUS charge and drug possession charges arose "as a result of or in connection with the same act."  It did so, even though the facts were clear in *Pariag,* as in the case now before us, that the traffic charges and the drug-related charges both arose out of the same traffic stop. See *Pariag*, 2012-Ohio-1376, at ¶ 2, as quoted at footnote 3 of this decision.  Moreover, the record before us is devoid of facts concerning the events surrounding the traffic stop. We therefore order the same disposition in this case as the Supreme Court ordered in *Pariag*; i.e., reversal of the trial court's judgment sealing the records and remand to that court for it to reconsider the applications.

## III. Conclusion

{¶ 20} Consistent with the disposition of the Supreme Court of Ohio in *Pariag,* we sustain appellants' assignment of error to the extent that we recognize that the trial court erred in granting the sealing of the records without having first determined whether

appellee's drug-related charges and traffic offenses arose "as a result of or in connection with the same act." We therefore reverse the judgments of the Franklin County Municipal Court sealing appellee's records and remand to that court for it to make that determination in the first instance and to proceed accordingly in considering appellee's applications.

*Judgments reversed; cause remanded with instructions.*

KLATT and CONNOR, JJ., concur.

_____