[Cite as *In re K.J.*, 2014-Ohio-3472.]

IN THE COURT OF APPEALS OF OHIO

TENTH APPELLATE DISTRICT

| | | |
|---|---|---|
| In the Matter of the Application of: | : | |
| | | No. 13AP-1050 |
| K. J., | : | (M.C. No. 2013CRX-52411) |
| (State of Ohio, | : | (REGULAR CALENDAR) |
| Appellant). | : | |

D E C I S I O N

Rendered on August 12, 2014

*Richard C. Pfeiffer, Jr.,* City Attorney, and *Melanie R. Tobias,* for appellant.

APPEAL from the Franklin County Municipal Court

CONNOR, J.

{¶ 1} Plaintiff-appellant, the State of Ohio ("state"), appeals from a judgment of the Franklin County Municipal Court, granting an application filed by defendant-appellee, K.J., to seal the records of two dismissed criminal charges pursuant to R.C. 2953.52. The state assigns the following sole assignment of error for our review:

> The trial court erred in granting Appellee's application to seal her record, where the application was barred by Revised Code 2953.61.

{¶ 2} Because the trial court erred, in part, in its application of R.C. 2953.61 and because K.J. cannot seal the records of the dismissed charges, we reverse.

**I. FACTS AND PROCEDURAL HISTORY**

{¶ 3} On November 3, 2012, K.J. was pulled over for speeding. As a result of that traffic stop, K.J. was charged with the following three offenses: operating a motor vehicle while under the influence of alcohol, a drug of abuse, or both ("OVI"), in violation of Columbus City Code ("CCC") 2133.01(A)(1)(a), a misdemeanor of the first degree;

possession of an open container of alcohol, in violation of CCC 2325.62(B)(4), a minor misdemeanor; and possession of marijuana, in violation of R.C. 2925.11(A), a minor misdemeanor. Pursuant to Sup.R. 37(A)(4)(c) and 43(B)(2), the OVI traffic charge and the criminal possession charges were assigned separate case numbers. The OVI charge was docketed as case No. 12TRC-196032 and the criminal possession charges were docketed as case No. 12CRB-27701. Pursuant to a plea bargain, K.J. pled guilty and was convicted of the OVI offense, and the state dismissed the possession of marijuana and open container charges.

{¶ 4} On September 9, 2013, K.J. filed an application to seal the record of the dismissed charges, pursuant to R.C. 2953.52. The state filed an objection to the application on November 1, 2013. The state asserted that, because the OVI offense arose out of the same incident as the drug possession and open container offenses, and the records of the OVI conviction were not subject to sealing, R.C. 2953.61 prevented K.J. from attempting to seal the records of the dismissed charges. The court set the matter for a hearing on November 4, 2013.

{¶ 5} At the hearing, K.J. explained that she was seeking to have the records of the dismissed charges sealed because she was working toward receiving her third degree in the health care industry, and she did not want the dismissed charges to hurt her chances for employment. K.J. then addressed the events which led to the three charges. K.J. explained that, on the night of November 3, 2012, she had been at a friend's house hanging out after a concert. She got into an argument with the father of her children, and had to leave her friend's house to go pick up her children. She explained that she was upset from the argument with her children's father, so she "took two shots" from a bottle of liquor, then "threw the bottle in the" passenger side of her car and rushed to go get her kids. (Tr. 7.) The court asked K.J. if she only drank from the bottle before she drove. K.J. responded affirmatively, stating that she took the two drinks before she got into the car, and that she did not drink anything while she was driving. K.J. further explained that it was "just a little piece" of marijuana in the car. (Tr. 7.) K.J. admitted that she "was impaired for the alcohol" as she "had just took the drink" prior to getting into the car. (Tr. 7.) When she was pulled over, K.J. took a breath test which revealed that her blood alcohol content was over the legal limit.

{¶ 6}   On November 20, 2013, the court filed a judgment entry granting K.J.'s application to seal the records of the dismissed charges. The court noted that R.C. 2953.61 prohibits a court from sealing the records in one case until the records for all of the charges which arose as a result of or in connection with the same act may be sealed. The court reviewed the evidence from the hearing, and determined that K.J. had "consumed alcohol before driving (not while driving) and she simply put the bottle in the car to take it home, since she was not at home before driving and being stopped." (Entry, 2.) The court further observed that "there was no allegation of the Defendant using the marijuana at all in this case, and the OVI charges were based upon alcohol consumption; the Defendant was charged only with possessing the marijuana on or about her person." (Entry, 2.) The court concluded that "neither the drug abuse charge nor the open container charge arose as a result of or in connection with the same act of driving while impaired by alcohol," and thus held that R.C. 2953.61 did not bar K.J. from seeking to seal the records of the dismissed charges. (Entry, 2.) The court further determined that K.J. was eligible to have the records of the dismissed charges sealed, and found that K.J.'s interests in having the records sealed were not outweighed by any legitimate governmental need to maintain those records.

## II. LEGAL ANALYSIS

{¶ 7}   The state argues that the trial court erred in granting K.J.'s R.C. 2953.52 application to seal the record because R.C. 2953.61 precluded K.J. from applying to have the records of the dismissed charges sealed or expunged. For the reasons that follow, we find that R.C. 2953.61 did preclude the court from sealing the record of the open container charge but did not preclude the court from sealing the record of the possession of marijuana charge.

{¶ 8}   " 'Expungement is a post-conviction relief proceeding which grants a limited number of convicted persons the privilege of having record of their * * * conviction sealed.' " *Koehler v. State,* 10th Dist. No. 07AP-913, 2008-Ohio-3472, ¶ 12, quoting *State v. Smith,* 3d Dist. No. 9-04-05, 2004-Ohio-6668, ¶ 9. Expungement " ' "is an act of grace created by the state" and so is a privilege, not a right.' " *Koehler,* quoting *State v. Simon,* 87 Ohio St.3d 531, 533 (2000), quoting *State v. Hamilton,* 75 Ohio St.3d 636, 639 (1996). In Ohio, "expungement" remains a common colloquialism used to describe the process of

sealing criminal records pursuant to statutory authority. *State v. Pariag*, 137 Ohio St.3d 81, 2013-Ohio-4010, ¶ 11.

{¶ 9} K.J. applied to have the records of the two dismissed charges sealed, she did not seek to have her conviction sealed. *See Schussheim v. Schussheim*, 12th Dist. No. CA2011-07-078, 2012-Ohio-2573, ¶ 10 (noting that "there are currently two statutory methods to expunge and seal criminal records: R.C. 2953.32, which allows convicted [eligible] offenders to seek the * * * sealing of their conviction records, and R.C. 2953.52, which allows for the * * * sealing of a defendant's criminal records if * * * the case was dismissed"). Because K.J. did not seek to seal the record of a conviction, R.C. 2953.52(A)(1) applied to her application. It provides as follows:

> Any person, who is found not guilty of an offense by a jury or a court or who is the defendant named in a dismissed complaint, indictment, or information, may apply to the court for an order to seal the person's official records in the case. Except as provided in section 2953.61 of the Revised Code, the application may be filed at any time after the finding of not guilty or the dismissal of the complaint, indictment, or information is entered upon the minutes of the court or the journal, whichever entry occurs first.

{¶ 10} R.C. 2953.52 thus allows "[a]ny person" to apply to seal the records of a dismissed complaint "at any time" after the dismissal, subject only to the waiting period in R.C. 2953.61. A reviewing court "will not reverse a trial court's decision on an R.C. 2953.52 application to seal absent an abuse of discretion." *In re Dumas,* 10th Dist. No. 06AP-1162, 2007-Ohio-3621, ¶ 7, citing *State v. Haney,* 70 Ohio App.3d 135, 138 (10th Dist.1991).

{¶ 11} R.C. 2953.61, referenced above, provides as follows:

> When a person is charged with two or more offenses as a result of or in connection with the same act and at least one of the charges has a final disposition that is different than the final disposition of the other charges, the person may not apply to the court for the sealing of his record in any of the cases until such time as he would be able to apply to the court and have all of the records in all of the cases pertaining to those charges sealed pursuant to divisions (A)(1) and (2) of section 2953.32 and divisions (A)(1) and (2) of section 2953.52 of the Revised Code.

{¶ 12} In *Pariag,* the Supreme Court of Ohio analyzed R.C. 2953.61, and held as follows:

> A trial court is precluded, pursuant to R.C. 2953.61, from sealing the record of a dismissed charge if the dismissed charge arises "as a result of or in connection with the same act" that supports a conviction when the records of the conviction are not sealable under R.C. 2953.36, regardless of whether the charges are filed under separate case numbers.

*Id.* at syllabus.

{¶ 13} R.C. 2953.36 provides that "Sections 2953.31 to 2953.35 of the Revised Code," outlining the criteria, process and effect of the sealing of the records of convictions, do not apply to "[c]onvictions under * * * Chapter 4511 * * * of the Revised Code, or a conviction for a violation of a municipal ordinance that is substantially similar to any section contained in any of those chapters." R.C. 2953.36(A) and (B). K.J. was convicted of OVI in violation of CCC 2133.01(A)(1)(a), a municipal ordinance which is substantially similar to an OVI offense under R.C. 4511.19(A)(1)(a). Thus, pursuant to R.C. 2953.36(B), the records of K.J.'s OVI conviction cannot be sealed. *Accord Pariag* at ¶ 19 (noting that "[u]nder R.C. 2953.36(B), a traffic conviction cannot be sealed"). Because K.J. was convicted on the OVI charge, but the drug possession and open container charges were dismissed, R.C. 2953.61 is applicable to this action.

{¶ 14} The facts in *Pariag* parallel those in the case before us.[1] Pariag was charged with driving under a suspended license, a non-sealable traffic offense, as well as other drug-related offenses, out of the same traffic stop. Pariag was convicted of the non-sealable traffic offense, the remaining charges were dismissed, Pariag applied to have the records of the dismissed charges sealed, and the court granted the application. However, unlike the instant action, the trial court in *Pariag* did not hold a hearing to determine whether the dismissed charges arose as a result of or in connection with the same act that led to the non-sealable traffic conviction. Because the trial court in *Pariag* did not determine whether the charges arose as a result of or in connection with the same act, the Supreme Court concluded that it was "not clear whether [Pariag's] traffic

---

[1] *See State v. Pariag*, 10th Dist. No. 11AP-568, 2012-Ohio-1376, ¶ 2 (describing the facts in *Pariag*).

conviction prevent[ed] him from applying to seal the record of the drug charges." *Id.* at ¶ 19. Accordingly, the *Pariag* court remanded the case to the trial court for it to determine whether the dismissed drug-related offenses stemmed from the same act as the traffic violation.[2]

{¶ 15} This court recently observed that the Supreme Court in *Pariag* could have, but did not, remand the case to the trial court with instructions to deny the application. The *Pariag* court "did so, even though the facts were clear in *Pariag*, as in the case now before us, that the traffic charges and the drug-related charges both arose out of the same traffic stop." *State v. C.A.*, 10th Dist. No. 13AP-1001, 2014-Ohio-2621, ¶ 19; *State v. R.L.M.*, 10th Dist. No. 13AP-981, 2014-Ohio-2661, ¶ 16. *C.A.* and *R.L.M.* both concerned fact patterns similar to *Pariag*, and the trial courts in both *C.A.* and *R.L.M.* failed to determine whether the non-sealable traffic conviction arose as a result of or in connection with the same act as the dismissed drug-related charges. Accordingly, in both *C.A.* and *R.L.M.,* this court applied *Pariag* and remanded those cases to the trial court for it to consider in the first instance whether the charges at issue arose as a result of or in connection with the same act.

{¶ 16} Here, unlike *Paraig*, *C.A.*, and *R.L.M.*, the trial court held a hearing and determined, based on the evidence presented at the hearing, that the dismissed charges did not arise as a result of or in connection with the same act which led to the non-sealable traffic conviction. Before reviewing the trial court's judgment further, we must determine the appropriate standard of review to apply to a trial court's ruling under R.C. 2953.61. This appears to be an issue of first impression for this court.

{¶ 17} As the instant case demonstrates, where the record does not contain facts regarding the events which led to the multiple charges at issue under R.C. 2953.61, the trial court will have to hold a hearing to ascertain those facts. The trial court thus assumes the role of the trier of fact, and must evaluate the credibility of the witnesses and resolve any factual questions presented by the evidence. After resolving any factual issues, the court must apply the facts to R.C. 2953.61, to determine whether the multiple charges at issue arose as a result of or in connection with the same act.

---

[2] There is no public record of what happened in the *Pariag* case after it was remanded.

{¶ 18} As the trial court must make factual findings, but then must apply those facts to the law, we believe a hybrid standard of review is appropriate. Accordingly, in analyzing a trial court's ruling under R.C. 2953.61, a reviewing court should accord deference to the trial court's findings of fact, but engage in a de novo review of the trial court's application of those facts to the law. *Compare State v. Burnside*, 100 Ohio St.3d 152, 2003-Ohio-5372, ¶ 8 (standard of review for a motion to suppress evidence); *State v. Williams*, 134 Ohio St.3d 482, 2012-Ohio-5699 (noting that under a merger analysis, "it is the jury making factual determinations, and the reviewing court owes deference to those determinations, but it owes no deference to the trial court's application of the law to those facts").

{¶ 19} The trial court found, based on the evidence presented at the hearing, that K.J. only drank from the bottle of liquor prior to driving her car. The court also found that the OVI charge was based solely on K.J.'s alcohol consumption, as there was no allegation that she had consumed the marijuana that evening. According deference to those facts, we must next determine whether the trial court correctly applied those facts to the law. As *Pariag* instructs, for R.C. 2953.61 to preclude K.J. from sealing the records of the dismissed charges, we must find that those charges arose as a result of or in connection with the same act that supported the OVI conviction. *Pariag* at syllabus.

{¶ 20} The state asserts that, as the drug possession, open container, and OVI charges all arose "out of a single traffic stop," and because K.J. had the open container and the marijuana in her vehicle "at the same time" that she operated the motor vehicle under the influence, the charges all arose from the same act. (Appellant's brief, 12, 14.) The state appears to equate offenses which an applicant committed at the same *time*, with offenses that result from or are committed in connection with the same *act*.

{¶ 21} The statutes which govern the sealing of records, however, differentiate between offenses which are committed at the same time and those which are committed through the same act. All statutes relating to the same subject matter must be read *in pari materia*, and construed together, so as to give the proper force and effect to each and all such statutes. *State v. Cook*, 128 Ohio St.3d 120, 2010-Ohio-6305, ¶ 45. *See also State v. Moaning*, 76 Ohio St.3d 126, 128 (1996) (noting that courts should construe statutory provisions together and read the Revised Code "as an interrelated body of

law"); *Santarelli v. Western Reserve Transit Auth.*, 7th Dist. No. 88 C.A. 57 (Feb. 10, 1989), quoting 85 Ohio Jurisprudence 3d 228, Statutes, Section 225 (noting that " '[t]he rule of in pari materia is a reflection of the fact that the General Assembly, in enacting a statute, is assumed, or presumed, to have legislated with full knowledge and in the light of all statutory provisions concerning the subject matter of the act").

{¶ 22} As noted above, R.C. 2953.61 provides that "[w]hen a person is charged with two or more offenses as a result or in connection with the same act," and the offenses have different dispositions, the person may not apply to have the records for any one of the offenses sealed until such time as they would be able to apply to have the records of all the offenses sealed. Under R.C. 2953.32(A)(1), only an "eligible offender" may apply to have the records of a conviction sealed. R.C. 2953.31(A) defines the term eligible offender to mean anyone who has "not more than one felony conviction, not more than two misdemeanor convictions if the convictions are not of the same offense, or not more than one felony conviction and one misdemeanor conviction." R.C. 2953.31(A) further provides that "[w]hen two or more convictions result from or are connected with the same act *or result from offenses committed at the same time*, they shall be counted as one conviction." (Emphasis added.)

{¶ 23} Construing R.C. 2953.61 in pari materia with R.C. 2953.31(A), it is apparent that under the sealing statutes offenses which are committed through the same act differ from offenses which are committed at the same time. R.C. 2953.31(A) applies to both convictions which result from or are connected with the same act and those which were committed at the same time, while R.C. 2953.61 concerns only offenses which result from or are connected with the same act. If the General Assembly had intended for any offense committed at the same time as another offense to preclude the records of other offenses which the applicant committed at the same time from being sealed, the General Assembly would have included a phrase similar to that used in R.C. 2953.31(A) in R.C. 2953.61. Moreover, in *Pariag,* the Supreme Court specifically stated that "R.C. 2953.61 thus focuses not on *when* separate offenses occurred, but on whether they arose from the same conduct of the applicant." (Emphasis added.) *Id.* at ¶ 20. Thus, simply because multiple charges result from a single traffic stop does not mean that the applicant committed the multiple charges through the same act.

{¶ 24} In *Pariag,* the Supreme Court held that, under R.C. 2953.61, " 'same act' plainly refers to the 'same conduct.' " *Id.* at ¶ 16. Thus, it is the conduct of the accused which courts must consider under R.C. 2953.61, and not merely whether the offenses at issue arose from the same incident. Determining whether a defendant committed multiple offenses through the same conduct is a familiar legal concept, as courts routinely determine whether a defendant committed multiple offenses through the same conduct when determining whether multiple convictions must merge into one conviction for purposes of sentencing. *See* R.C. 2941.25(A) ("Where the same conduct by the defendant can be construed to constitute two or more allied offenses of similar import, the indictment or information may contain counts for all such offenses, but the defendant may be convicted of only one"); *State v. Johnson*, 128 Ohio St.3d 153, 2010-Ohio-6314, syllabus (when determining whether offenses are allied offenses of similar import "the conduct of the accused must be considered," and in analyzing defendant's conduct, courts ask "whether it is possible to commit one offense *and* commit the other with the same conduct") *Id.* at ¶ 48 (Emphasis sic).

{¶ 25} Thus, under R.C. 2953.61, a trial court must analyze the acts or conduct of the accused, and not merely the temporal proximity between the charges. Accordingly, in exercising our de novo review, we must review the acts which supported each charge, and determine whether the open container and possession of marijuana charges arose as a result of or in connection with the same act which supported K.J.'s OVI conviction. *See also* Am.Sub.H.B. No. 175 (the bill which codified R.C. 2953.61 states that R.C. 2953.61 was intended to apply to "multiple charges brought as a result of a *single* act")(Emphasis added).

{¶ 26} CCC 2133.01(A)(1)(a) provides that "[n]o person shall operate any vehicle * * *, if, at the time of the operation * * * [t]he person is under the influence of alcohol, a drug of abuse, or a combination of them." CCC 2325.62(B)(4) provides that "[n]o person shall have in his possession an opened container of beer or intoxicating liquor * * * [w]hile operating or being a passenger in or on a motor vehicle on any street, highway, or other public or private property open to the public for purposes of vehicular travel or parking." R.C. 2925.11(A) provides that "[n]o person shall knowingly obtain, possess, or use a controlled substance," marijuana is a Schedule I controlled substance.

{¶ 27} The act which supported K.J.'s OVI conviction was her operation of a motor vehicle, while under the influence of alcohol. The act which supported K.J.'s open container charge was her operation of a motor vehicle, while possessing an open container of alcohol. The act which supported the drug possession charge was K.J.'s possession of marijuana. Thus, there is no commonality of acts between the possession of marijuana charge and the OVI conviction. Accordingly, the trial court correctly determined that the possession of marijuana charge did not arise as a result of or in connection with the same act which supported the OVI conviction.

{¶ 28} There is, however, a similar act shared by both the open container charge and the OVI conviction: K.J.'s operation of a motor vehicle. Although one does not need to be the operator of a vehicle in order to be charged with an open container under CCC 2325.62(B)(4), as the code section equally applies to individuals who are passengers in a vehicle, under the particular facts of this case, K.J. was operating her vehicle. Thus, in the instant case, K.J.'s act of driving her car was an act which was necessary to support the OVI conviction and the open container charge. Although K.J. had to engage in additional acts beyond merely driving her car to commit the OVI and open container offenses, as she had to be under the influence of alcohol for the OVI offense, and had to possess an open container of alcohol for the open container offense, her act of operating her motor vehicle was an act in connection with which K.J. was charged with the open container violation and convicted of the OVI. Thus, the open container charge did arise in connection with an act which also supported the OVI conviction. The trial court erred in finding that the open container charge did not arise in connection with the same act as the OVI conviction.

{¶ 29} Based on the foregoing, we find that the trial court correctly determined that R.C. 2953.61 did not preclude the court from sealing the records of the possession of marijuana charge. However, because the open container charge arose in connection with an act which supported the OVI conviction, the trial court erred in finding that R.C. 2953.61 did not preclude the court from sealing the records of the open container charge. Thus, pursuant to R.C. 2953.52 and 2953.61, the court was entitled to seal the records of the possession of marijuana charge, but was not entitled to seal the records of the open container charge. As both of the dismissed charges were docketed under a single case number, however, the Supreme Court's decision in *State v. Futrall*, 123 Ohio St.3d 498,

2009-Ohio-5590 precludes the trial court from sealing the records of the drug possession charge.

{¶ 30} In *Futrall,* the court held that "[w]hen an applicant with multiple convictions under one case number moves to seal his or her criminal record in that case pursuant to R.C. 2953.32 and one of those convictions is exempt from sealing pursuant to R.C. 2953.36, the trial court may not seal the remaining convictions." *Id.* at syllabus. When an applicant qualifies to seal the records of a conviction, R.C. 2953.32(C)(2) provides that the court "shall order all official records pertaining to the case sealed and all index references to the case deleted." The *Futrall* court reviewed that statutory language and held that "parsing out those convictions that can be sealed from those that cannot – would be impossible: a trial court is unable to order *all* index references to the case deleted while at the same time ordering that index references to one conviction in that case be maintained." *Id.* at ¶ 19. The *Futrall* court noted the "inherent difficulty of sealing only some convictions in one case," as partial sealing would have to be attempted "for everything from arrest records to written statements to transcripts to journal entries." *Id.* at ¶ 20. The court noted that "[i]f the General Assembly had intended only partial sealing, it would have chosen phrases other than 'all official records.' " *Id.* at ¶ 20.

{¶ 31} Although *Futrall* concerned convictions rather than dismissed charges, we find *Futrall*'s holding equally applicable to the records of dismissed charges. R.C. 2953.52(B)(4) states that, when a person is found not guilty in a case, or where a complaint, indictment, or information in a case is dismissed, or where a no bill is returned by a grand jury, and the applicant otherwise satisfies the requirements of R.C. 2953.52, "the court shall issue an order directing that all official records pertaining to the case be sealed and that * * * the proceedings in the case be deemed not to have occurred." R.C. 2953.52(B)(4) specifically states that all official records pertaining to the *case* must be sealed; it does not state that records pertaining to an individual charge may be sealed. It would not be possible for the trial court in the instant case to seal all of the official records pertaining to case No. 12CRB-27701, while at the same time ordering that the official records of the open container charge contained within case No. 12CRB-27701 be maintained. R.C. 2953.61 also provides that, when R.C. 2953.61 is applicable, the applicant may not apply to the court for the sealing of his record "in any of the cases until

such time as he would be able to apply to the court and have *all of the records in all of the cases pertaining to those charges sealed.*" (Emphasis added.) Thus, R.C. 2953.52 and 2953.61 demonstrate the General Assembly's intent to authorize the sealing of cases, and not the sealing of individual charges within a case. *See Futrall* at ¶ 20.

## III. DISPOSITION

{¶ 32} Based on the foregoing, the state's sole assignment of error is sustained in part and overruled in part. Because we find that the record of the possession of marijuana charge could be sealed, but that the record of the open container charge could not be sealed, pursuant to *Futrall,* the trial court cannot seal the record of the possession of marijuana charge. Therefore, we reverse the judgment of the trial court, and remand the case for proceedings consistent with this decision.

*Judgment reversed; case remanded.*

KLATT and DORRIAN, JJ., concur.

_____