[Cite as *Hunter v. Canton Drop Forge, Inc.*, 2024-Ohio-2725.]

COURT OF APPEALS
STARK COUNTY, OHIO
FIFTH APPELLATE DISTRICT

| | | |
|---|---|---|
| STEPHANIE HUNTER, Surviving Spouse Of Stephen C. Hunter, deceased, | : | JUDGES: Hon. Patricia A. Delaney, P.J. |
| | : | Hon. W. Scott Gwin, J. |
| Plaintiff - Appellee | : | Hon. Craig R. Baldwin, J. |
| | : | |
| -vs- | : | |
| | : | |
| CANTON DROP FORGE INC., et al., | : | Case No. 2023CA00154 |
| | : | |
| Defendants - Appellants | : | O P I N I O N |


CHARACTER OF PROCEEDING:     Appeal from the Stark County Court
                            of Common Pleas, Case No. 2021-
                            CV-00890


JUDGMENT:                   Affirmed


DATE OF JUDGMENT:           July 18, 2024


APPEARANCES:

For Plaintiff-Appellee                For Defendants-Appellants

SHAWN M. ACTON                        FRANK G. MAZGAJ
MATTHEW A. MCMONAGLE                  TIMOTHY C. CAMPBELL
PATRICK J. OSBORNE                    Hanna Campbell & Powell LLP
MICHAEL MURPHY                        3737 Embasy Parkway/Suite 100
Kelley Ferraro, LLC                   Akron, Ohio 44333
950 Main Ave., Suite 1300
Cleveland, Ohio 44113

*Baldwin, J.*

{¶1}    The appellant, Canton Drop Forge, Inc., appeals the judgment of the Court of Common Pleas, Stark County, Ohio, finding that Stephanie Hunter ("the appellee") was entitled to participate in benefits under the Ohio Workers' Compensation System. The relevant facts leading to this appeal are as follows.

### STATEMENT OF THE FACTS AND THE CASE

{¶2}    On September 28, 2020, the appellee filed a civil action as an appeal following the administrative adjudication denying her claim for Workers' Compensation benefits for the death of her husband on October 4, 2018.

{¶3}    On March 10, 2022, the appellant filed a Motion for Summary Judgment, arguing that the claim was time-barred under R.C. §4123.84.

{¶4}    On May 4, 2022, the trial court denied the appellant's Motion for Summary Judgment.

{¶5}    On September 18, 2023, the matter proceeded to a jury trial. The jury found in favor of the appellee.

{¶6}    At trial, a coworker of the decedent testified that he often worked with the decedent at the appellant's plant. During their time together, the coworker testified that asbestos was pervasive throughout the plant. Large furnaces utilizing bricks containing asbestos were near their workstation. Repairs on these furnaces involved removing the asbestos-containing bricks with a jackhammer. This process generated dust within feet of where the decedent worked.

{¶7}    The President of Canton Drop Forge also testified that asbestos was present in the plant during the decedent's tenure and is still present today.

**{¶8}** Dr. Rao, a board-certified pulmonologist, testified that the decedent's chest x-rays demonstrated a non-malignant pulmonary disease caused by exposure to asbestos, scarring of the lung tissue consistent with interstitial fibrosis due to asbestos.

**{¶9}** Dr. Schonfeld, another board-certified pulmonologist, treated the decedent in 2003. Dr. Schonfeld testified that from his examination, he concluded the decedent suffered from asbestosis which was caused by his exposure to asbestos.

**{¶10}** Both Dr. Rao and Dr. Schonfeld were asked to assume the decedent was a smoker and that he was occupationally exposed to asbestos. Dr. Rao testified to a reasonable degree of medical probability that the decedent's chest x-ray demonstrated scarring of lung tissue consistent with interstitial fibrosis due to asbestosis and that the decedent's bilateral interstitial fibrosis was caused by his occupational exposure to asbestos at Canton Drop Forge. Dr. Schonfeld testified to a reasonable degree of medical probability that 1) the decedent's asbestosis was caused by his exposure to airborne asbestos from his work, 2) the decedent's lung cancer was caused both by his smoking and exposure to asbestos, and 3) the decedent's employment and Canton Drop Forge fell within the established latency for the diagnosis of both asbestosis and asbestos-related lung cancer.

**{¶11}** On October 16, 2023, the appellant filed a Motion for Judgment Notwithstanding the Verdict.

**{¶12}** On November 1, 2023, the trial court denied the appellant's Motion for Judgment Notwithstanding the Verdict.

**{¶13}** The appellant filed a timely notice of appeal raising the following two assignments of error:

{¶14} "I. THE TRIAL COURT ERRED IN DENYING THE MOTION FOR SUMMARY JUDGMENT, THE MOTION FOR DIRECTED VERDICT, AND THE MOTION FOR JUDGMENT NOTWITHSTANDING THE VERDICT MADE BY DEFENDANT-APPELLANT CANTON DROP FORGE, INC. ON THE GROUNDS THAT PLAINTIFF-APPELLEE STEPHANIE HUNTER FAILED TO COMPLY WITH ONE-YEAR NOTICE REQUIREMENT UNDER R.C. 4123.84."

{¶15} "II. THE TRIAL COURT ERRED IN DENYING THE MOTION FOR JUDGMENT NOTWITHSTANDING THE VERDICT MADE BY DEFENDANT-APPELLANT CANTON DROP FORGE, INC. ON THE GROUNDS THAT PLAINTIFF-APPELLEE STEPHANIE HUNTER FAILED TO ADDUCE EVIDENCE OF INJURIOUS OCCUPATIONAL EXPOSURE TO ASBESTOS BY HER DECEDENT, STEPHEN HUNTER."

**I.**

{¶16} In the appellant's first assignment of error, the appellant argues the trial court erred in denying the appellant's Motions for Summary Judgment, Directed Verdict, and Judgment Notwithstanding the Verdict as the statute of limitations had run. We disagree.

**STANDARD OF REVIEW**

{¶17} "Any error by a trial court in denying a motion for summary judgment is rendered moot or harmless if a subsequent trial on the same issues raised in the motion demonstrates that there were genuine issues of material fact supporting a judgment in favor of the party against whom the motion was made." *Continental Insurance Co. v. Whittington*, 71 Ohio St.3d 150 (1994). However, when a trial court's denial on a motion

for summary judgment is "predicated on a pure issue of law will the decision not be considered harmless and be reviewed by an appellate court." *Ahern v. Ameritech Corp.*, 137 Ohio App.3d 754 (8th Dist. 2000).

{¶18} A trial court's decision on a motion for a directed verdict presents a question of law, which an appellate court reviews de novo. *Groob v. KeyBank*, 2006-Ohio-1189. Civil Rule 50 provides for a motion for a directed verdict, which may be made at the opening statement of the opponent, at the close of the opponent's evidence, or at the close of all evidence. Upon receiving the motion, the trial court must construe the evidence most strongly in favor of the party against whom the motion is directed. Civ.R. 50(A)(4). If the trial court finds on any determinative issue reasonable minds could come but to one conclusion on the evidence submitted, then the court shall sustain the motion and direct the verdict as to that issue. A directed verdict is appropriate where a plaintiff fails to present evidence from which reasonable minds could find in plaintiff's favor. *See Hargrove v. Tanner*, 66 Ohio App.3d 693 (9th Dist.1990).

{¶19} The standard for granting a motion for judgment notwithstanding the verdict under Civil Rule 50(B) is the same used for granting a Civil Rule 50(A) directed verdict. *Texler v. D.O. Summers Cleaners & Shirt Laundry Co.*, 81 Ohio St.3d 677 (1998); *Wagner v. Roche Laboratories*, 77 Ohio St.3d 116 (1996). In other words, as long as substantial competent evidence supports the non-moving party, and reasonable minds could reach different conclusions about that evidence, the motion must be denied. *See Strother v. Hutchinson*, 67 Ohio St.2d 282 (1981); *Posin v. A.B.C. Motor Court Hotel, Inc.*, 45 Ohio St.2d 271 (1976). In reviewing a motion for judgment notwithstanding the verdict, courts do not consider the weight of the evidence or the witness credibility; rather, courts

consider the much narrower legal question of whether sufficient evidence exists to support the verdict. *Texler*, at 679.

## ANALYSIS

{¶20} The appellant's first Assignment of Error argues the trial court erred by denying the appellant's Motions for Summary Judgment, Directed Verdict, and Judgment Notwithstanding the Verdict as the appellee did not provide notice of the death within one year of its occurrence. We disagree.

{¶21} R.C. §4123.95 provides that "[s]ections 4123.01 to 4123.94, inclusive, of the Revised Code shall be liberally construed in favor of employees and the dependents of deceased employees."

{¶22} R.C. §4123.84, in pertinent part, states:

(A)     In all cases of injury or death, claims for compensation or benefits for the specific body part or parts of the body injured shall be forever barred unless, within one year after the injury or death:

* *

(4) Written or facsimile notice of death has been given to the commission or bureau.

{¶23} Compared with R.C. §4123.85, which states:

In all cases of occupational disease, or death resulting from occupational disease, claims for compensation or benefits are forever barred unless, within two years after the disability due to the disease began, or within such longer period as does not exceed six months after diagnosis of the occupational disease by a licensed physician or within two years after

death occurs, application is made to the industrial commission or the bureau of worker's compensation or to the employer if he is a self-insuring employer.

"All statutes relating to the same subject matter must be read *in pari materia*, and construed together, so as to give the proper force and effect to each and all such statutes." *In re K.J.*, 2014-Ohio-3472 (10th Dist.), ¶21, citing *State v. Cook*, 2010-Ohio-6305, ¶45.

**{¶24}** Upon review, we find the General Assembly expressed its intent for the two-year statute of limitations to file an application to the industrial commission or the bureau of worker's compensation or the self-insured employer imposed by R.C. §4123.85 to supersede the one-year statute of limitations to provide written notice of death or injury to the commission or bureau imposed by R.C. §4123.84. The statute of limitations imposed by R.C. §4123.84 is generally for injuries and death claims. However, R.C. §4123.85 is a specific statute dealing with occupational disease and death resulting from occupational disease. Under such circumstances, R.C. §4123.85 prevails and is exclusively applicable. As set forth by the Ohio Supreme Court in *Acme Engineering Co. v. Jones*, 150 Ohio St. 423 (1948):

A special statutory provision which applies to a specific subject matter constitutes an exception to a general statutory provision covering other subjects as well as the specific subject matter which might otherwise be included under the general provision.

**{¶25}** It is undisputed that the appellee filed an application with the appropriate authority within two years of the death of her husband from lung cancer and/or other

asbestos-related cancers or conditions. Therefore, liberally construing R.C. §4123.85 in favor of the appellees, as required by R.C. §4123.95, we find the trial court did not err in denying the appellant's Motions for Summary Judgment, Directed Verdict, and Judgment Notwithstanding the Verdict.

**{¶26}** Accordingly, the appellant's first Assignment of Error is overruled.

## II.

**{¶27}** In the appellant's second assignment of error, the appellant argues that the trial court erred in denying the appellant's Motion for Judgment Notwithstanding the Verdict. We disagree.

## STANDARD OF REVIEW

**{¶28}** Again, the standard for granting a motion for judgment notwithstanding the verdict under Civil Rule 50(B) is the same used for granting a Civil Rule 50(A) directed verdict. *Texler v. D.O. Summers Cleaners & Shirt Laundry Co.*, 81 Ohio St.3d 677 (1998); *Wagner v. Roche Laboratories*, 77 Ohio St.3d 116 (1996). In other words, as long as substantial competent evidence supports the non-moving party, and reasonable minds could reach different conclusions about that evidence, the motion must be denied. *See Strother v. Hutchinson*, 67 Ohio St.2d 282 (1981); *Posin v. A.B.C. Motor Court Hotel, Inc.*, 45 Ohio St.2d 271 (1976). In reviewing a motion for judgment notwithstanding the verdict, courts do not consider the weight of the evidence or the witness credibility; rather, courts consider the much narrower legal question of whether sufficient evidence exists to support the verdict. *Texler*, at 679.

**ANALYSIS**

**{¶29}** An "occupational disease" is "a disease contracted in the course of employment, which by its causes and the characteristics of its manifestation or the condition of the employment results in a hazard which distinguishes the employment in character from employment generally, and the employment creates a risk of contracting the disease in greater degree and in a different manner from the public in general." R.C. §4123.01(F). The Supreme Court of Ohio set forth a three-part test in *State ex. Rel Ohio Bell Tel. Co. v. Krise*, 42 Ohio St.2d 247 (1975):

(1) The disease is contracted in the course of employment.

(2) the disease is peculiar to the claimant's employment by its causes and the characteristics of its manifestation or the conditions of the employment result in a hazard which distinguishes the employment in character from employment generally; and

(3) the employment creates a risk of contracting the disease in a greater degree and in a different manner than in the public generally.

**{¶30}** The appellant specifically argues the appellee failed to adduce evidence of injurious occupational exposure to asbestos by the decedent. Therefore, we will consider the narrow issue of whether or not the appellee adduced substantial credible evidence supporting her claim and that reasonable minds could reach different conclusions.

**{¶31}** At trial, a coworker of the decedent testified about the conditions of the plant at which he and the decedent worked. The coworker referred to the plant as "[b]ig, hot, and dirty." Large hammers, three to four stories high, were banging steel. It sounded like a cannon going off with steel, smoke, scale, and fire. He and the decedent worked near

large furnaces that used asbestos-containing bricks. Repair of these furnaces sometimes required employees to use a jackhammer to remove the asbestos-containing bricks within feet of where the decedent worked. This process created dust, contributing to the poor conditions. The decedent's coworker also testified that the insulation of the steam lines driving the hammers contained asbestos. This insulation would fall to the ground. The coworker testified that asbestos was present "basically everywhere" in the plant.

{¶32} The presence of asbestos was corroborated by the President of Canton Drop Forge.

{¶33} The appellant argues that the coworker's testimony of the general conditions of the plant was not enough to show injurious exposure to asbestos. However, the coworker's testimony was beyond the general conditions of the plant being big, hot, and dirty. He testified to the presence of asbestos everywhere in the plant, specifically near where the decedent worked, within feet. Therefore, we find the appellee adduced substantial competent evidence supporting her argument, and reasonable minds could reach different conclusions about the evidence. The trial court did not err in denying the appellant's Motion for Judgment Notwithstanding the Verdict.

{¶34} Accordingly, the appellant's second Assignment of Error is overruled.

**CONCLUSION**

{¶35} For the forgoing reasons, the judgment of the Court of Common Pleas of Stark County, Ohio, is hereby affirmed.

By: Baldwin, J.

Delaney, P.J. and

Gwin, J. concur.