[Cite as *Foreback v. Accuspray Application Technologies*, 2025-Ohio-4676.]

# COURT OF APPEALS OF OHIO

# EIGHTH APPELLATE DISTRICT
# COUNTY OF CUYAHOGA

| | | |
|---|---|---|
| DEBRA FOREBACK, | : | |
| Plaintiff-Appellant, | : | No. 114813 |
| v. | : | |
| ACCUSPRAY APPLICATION TECHNOLOGIES, ET AL., | : | |
| | : | |
| Defendants-Appellees. | : | |

## JOURNAL ENTRY AND OPINION

**JUDGMENT:** AFFIRMED
**RELEASED AND JOURNALIZED:** October 9, 2025

Civil Appeal from the Cuyahoga County Court of Common Pleas
Case No. CV-23-989017

### *Appearances:*

Nager, Romaine and Schneiberg Co., L.P.A., and Corey J. Kuzma, *for appellant*.

Dave Yost, Ohio Attorney General, Sandra L. Nimrick, Principal Assistant Attorney General, and Daniel A. Kirschner, Assistant Attorney General, *for appellee* Ohio Bureau of Workers' Compensation, Administrator John Logue.

EMANUELLA D. GROVES, J.:

{¶ 1} Plaintiff-appellant Debra Foreback ("Foreback") appeals the trial court's granting of summary judgment in favor of defendant-appellee John Logue,

Administrator, Bureau of Workers' Compensation ("BWC"). Upon review, we affirm the trial court's decision.

## I. Facts and Procedural History

{¶ 2} Foreback refiled this workers' compensation action, appealing the order and decision of the Industrial Commission of Ohio that disallowed her application for payment of death benefits under the Ohio Workers' Compensation Act.[1] In the petition and complaint, Foreback alleged that her husband, William Foreback ("Decedent"), died in November 2018 as a result of COPD and lung cancer that he contracted from his employment at Accuspray Application Technologies ("Accuspray").

{¶ 3} In response, the BWC filed an answer and asserted affirmative defenses, including that the action was barred by the statute of limitations and the underlying administrative claim was not timely filed. The BWC subsequently filed a motion for summary judgment, arguing that Foreback failed to (1) timely file her workers' compensation claim for death benefits and (2) present any evidence to support the claim, including an expert report causally relating Decedent's death to his employment.

{¶ 4} Relevant to this appeal, the BWC set forth the following facts in its motion for summary judgment. Foreback originally filed a claim seeking death benefits from another employer in November 2019 ("Initial Claim"). The Initial

---

[1] Foreback voluntarily dismissed her first petition and complaint without prejudice pursuant Civ.R. 41(A).

Claim was ultimately denied by the Industrial Commission because the employer did not employ Decedent in Ohio. After receiving the Initial Claim's final disallowance in April 2021, Foreback filed separate claims against 17 other employers, including Accuspray ("Accuspray Claim"), in July 2021. Each of those claims was disallowed on the grounds that they were not timely filed and Foreback failed to present any evidence of exposure to welding fumes during Decedent's employment or any medical evidence linking his death to his employment.

{¶ 5} The BWC argued that, at the time of Decedent's passing, R.C. 4123.85 required that Foreback's occupational-disease claim for death benefits be filed within two years after Decedent's death. The BWC asserted that the above facts, even when construed most favorably to Foreback, established that she did not timely file the Accuspray Claim. Emphasizing that the Accuspray Claim was filed over two and a half years after Decedent's death and "well beyond the statutory limitation," the BWC argued that the court lacked jurisdiction to render a determination on the merits, and it was entitled to summary judgment as a matter of law.

{¶ 6} In support of its motion for summary judgment, the BWC attached the following exhibits:

- The Affidavit of Attorney Barbara Evanick, who was responsible for reviewing and maintaining records and claim files for the BWC.

- The Accuspray Claim's First Report of Injury, Occupation Diseases or Death, which was filed with the BWC in July 2021. The report sought death benefits against Accuspray for Decedent's death in November 2018 from his alleged "exposure to welding fumes."

- An email exchange between Foreback's counsel and a BWC claim specialist acknowledging that the Accuspray Claim was filed in July 2021.

- The Decedent's Certificate of Death dated November 2018.

- Industrial Commission Hearing Orders from Foreback's Initial Claim and Accuspray Claim.

{¶ 7} Foreback opposed the BWC's motion for summary judgment, arguing, in relevant part, that her claim was not time-barred because R.C. 4123.84 created exceptions to the statute of limitations. Citing R.C. 4123.84(A)(4), Foreback countered that the Initial Claim put the BWC on notice that she would be adjudicating claims against Decedent's former employers and tolled the statutory deadline for filing the Accuspray Claim. Foreback did not discuss R.C. 4123.85 or attach any exhibits to her brief in opposition.

{¶ 8} The BWC filed a reply in support of its motion for summary judgment, arguing that Foreback did not address the applicable statute and nothing in R.C. 4123.84 negates the statute of limitations set forth in R.C. 4123.85 or suggests that the Accuspray Claim was timely filed.

{¶ 9} The trial court granted the BWC's motion for summary judgment, finding that Foreback "failed to timely file her workers' compensation claim for death benefits pursuant to [R.C.] 4123.85."

{¶ 10} Foreback appeals, raising a single assignment of error for review.

**Assignment of Error**

The trial court erred in granting the [BWC's] motion for summary judgment.

## II. Law and Analysis

{¶ 11} In her sole assignment of error, Foreback challenges the trial court's summary-judgment ruling.

{¶ 12} An appellate court reviews the grant or denial of summary judgment de novo. *Grafton v. Ohio Edison Co.*, 77 Ohio St.3d 102, 105 (1996). In a de novo review, the appellate court affords no deference to the trial court's decision and independently reviews the record to determine whether summary judgment is appropriate. *Hollins v. Shaffer*, 2009-Ohio-2136, ¶ 12 (8th Dist.); *Smathers v. Glass*, 2022-Ohio-4595, ¶ 30. Summary judgment is appropriate if (1) no genuine issue of any material fact remains; (2) the moving party is entitled to judgment as a matter of law; and (3) it appears from the evidence that reasonable minds can come to but one conclusion and, construing the evidence most strongly in favor of the nonmoving party, that conclusion is adverse to the nonmoving party. *Grafton* at 105.

{¶ 13} In granting summary judgment, the trial court found that Foreback failed to timely file her claim pursuant to R.C. 4123.85. However, Foreback does not contend that the statute of limitations set forth in R.C. 4123.85 does not bar her claim. Instead, "[Foreback's] main arguments rest on the exceptions noted within [R.C.] 4123.84." Foreback asserts that the filing of her Initial Claim in November 2019 against a different employer "put [the BWC] on notice of the claim," rendering her subsequent Accuspray Claim timely based on an exception to the statute of limitations set forth in R.C. 4123.84(A)(4). Foreback fails to cite any caselaw —

discussing summary judgment or supporting her arguments — in the entirety of her

appellate brief.[2]

{¶ 14} R.C. 4123.84 establishes limitations on claims for injury or death.

R.C. 4123.84(A)(4) provides:

> In all cases of injury or death, claims for compensation or benefits for the specific part or parts of the body injured shall be forever barred unless, within one year after the injury or death . . . [w]ritten or facsimile notice of death has been given to the commission or bureau.

{¶ 15} Alternatively, R.C. 4123.85 establishes a limitation on compensation

in cases of occupational disease.  The version of the statute then in effect provided:

> In all cases of occupational disease, or death resulting from occupational disease, claims for compensation or benefits are forever barred unless, . . . within two years after death occurs, application is made to the industrial commission or the bureau of workers' compensation or to the employer if he is a self-insuring employer.

Former R.C. 4123.85 (eff. Oct. 20, 1993).[3]

{¶ 16} Our review of the record reveals the undisputed fact that Foreback's

claim involves an occupational disease, thereby subjecting the claim to the statute

of limitations set forth in R.C. 4123.85.  Nonetheless, Foreback's argument hinges

on the application R.C. 4123.84(A)(4).  Foreback does not explain why she believes

---

[2] We note that appellate courts are not advocates, and the appellant bears the burden of constructing the legal arguments necessary to support their assignments of error.  *Lewicki v. Grange Ins. Co.*, 2023-Ohio-4544, ¶ 41 (8th Dist.), citing *Taylor-Stephens v. Rite Aid of Ohio*, 2018-Ohio-4714, ¶ 121 (8th Dist.), and *Doe v. Cuyahoga Cty. Community College*, 2022-Ohio-527, ¶ 26 (8th Dist.); App.R. 16(A)(7).

[3] Subsequent versions of R.C. 4123.85, effective September 2021 and March 2025, reduced the time for filing occupational-disease-death claims to one year.

the Accuspray Claim is governed by R.C. 4123.84 in lieu of R.C. 4123.85 or how R.C. 4123.84 might interact with R.C. 4123.85, if at all, to render the claim timely.

{¶ 17} The BWC addressed this issue head-on in its responsive brief, stating: "R.C. 4123.84 applies to claims for injuries and deaths arising from injuries, which would only involve a single employer, and not to occupational[-]disease claims and occupational[-]disease[-]death claims such as the one in this case, which often involve alleged exposures from multiple employers, and could give rise to numerous separate claims." Foreback did not file a reply brief contesting the BWC's assertion.

{¶ 18} As referenced by the BWC, the Fifth District Court of Appeals recently discussed the distinction between R.C. 4123.84 and 4123.85, noting that "'[a]ll statutes relating to the same subject matter must be read *in pari materia*, and construed together, so as to give the proper force and effect to each and all such statutes.'" *Hunter v. Canton Drop Forge Inc.*, 2024-Ohio-2725, ¶ 23 (5th Dist.), quoting *In re K.J.*, 2014-Ohio-3472, ¶ 21 (10th Dist.), citing *State v. Cook*, 2010-Ohio-6305, ¶ 45. The Fifth District further noted that "[a] special statutory provision, which applies to a specific subject matter constitutes an exception to a general statutory provision covering other subjects as well as the specific subject matter, which might otherwise be included under the general provision." *Id*. at ¶ 24, citing *Acme Engineering Co. v. Jones*, 150 Ohio St. 423 (1948). Applying these principles, the appellate court found:

> [T]he General Assembly expressed its intent for the two-year statute of limitations to file an application to the industrial commission or the bureau of worker's compensation or the self-insured employer imposed

by R.C. 4123.85 to supersede the one-year statute of limitations to provide written notice of death or injury to the commission or bureau imposed by R.C. 4123.84. The statute of limitations imposed by R.C. 4123.84 is generally for injuries and death claims. However, R.C. 4123.85 is a specific statute dealing with occupational disease and death resulting from occupational disease. Under such circumstances, R.C. 4123.85 prevails and is exclusively applicable.

*Id.*

{¶ 19} Based on the foregoing, we find that R.C. 4123.85 exclusively applies to the Accuspray Claim. Based on the evidence attached to the BWC's motion for summary judgment, Decedent died in November 2018, and the Accuspray Claim was filed in July 2021, beyond R.C. 4123.85's two-year statute of limitations for occupational-disease death claims. Because Foreback has neither argued nor established that the Accuspray Claim is not precluded by the statute of limitations set forth in R.C. 4123.85, no genuine issue of material fact remains and the BWC is entitled to judgment as a matter of law. Accordingly, the trial court did not err in granting the BWC's motion for summary judgment.

{¶ 20} Judgment affirmed.

It is ordered that appellee recover from appellant costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this court directing the common pleas court to carry this judgment into execution.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

_____
EMANUELLA D. GROVES, JUDGE

EILEEN A. GALLAGHER, A.J., and
SEAN C. GALLAGHER, J., CONCUR