Lanzinger, J.
{¶ 1} We are asked to determine whether records of a dismissed charge may be sealed if the offense arises from or is in connection with the same act that led to a conviction on an unsealable charge. The Tenth District Court of Appeals affirmed the trial court’s decision to seal the record of the dismissed charges in this case. Because we conclude that the Tenth District Court of Appeals erred in its analysis, we reverse its judgment and remand this case to the trial court for further proceedings.
I. Introduction

Background Facts

{¶ 2} Appellee, Marlon Pariag, was stopped by the Ohio State Highway Patrol on December 31, 2010. He was charged with a traffic offense and also with possession of drugs of abuse, in violation of R.C. 2925.11(C)(3), a minor misdemeanor, and possession of drug paraphernalia, in violation of R.C. 2925.14(C)(1), a fourth-degree misdemeanor. The traffic offense and the criminal drug charges were assigned separate case numbers as required by Sup.R. 37(A)(4)(c) and *82 43(B)(2). Both cases were filed in Franklin County Municipal Court. The traffic charge was filed in case No. 2011 TRD 100861, while the drug charges were filed in case No. 2011 CRB 239. The drug charges were dismissed when Pariag entered a plea in the traffic case.
{¶ 3} On March 10, 2011, Pariag applied to seal the records pertaining to the drug charges that had been dismissed. The state objected and argued that because the record of a traffic conviction could not be sealed under R.C. 2953.36, the record of the companion case — the drug charges — could not be sealed. According to the state, because the drug-related charges arose from the same incident as the traffic conviction, R.C. 2953.61 permanently precluded Pariag from applying for the sealing of the dismissed drug charges.
{¶ 4} The trial court ordered the records of the dismissed drug charges sealed, concluding that the conviction in the traffic case did not prevent the sealing of the records in the criminal case involving the dismissed drug offenses.
{¶ 5} A divided panel of the Tenth District Court of Appeals held that R.C. 2953.61 addresses only the timing of an application to seal a record, not the applicant’s eligibility to have those records sealed. 10th Dist. Franklin No. 11AP-569, 2012 WL 1078605, ¶ 2. The court of appeals distinguished Pariag’s case from other cases in which applicants were prevented from sealing their convictions by emphasizing that Pariag’s dismissed drug charges and traffic conviction were filed under separate case numbers. Id. at ¶ 14. The court of appeals held that R.C. 2953.61 does not prohibit courts from sealing records of dismissed charges in one case when the record of conviction in another case may not be sealed, even if the charges arose out of the same act, because the statute governs merely the timing of the application to seal. Id. at ¶ 21.

Issues Presented

{¶ 6} We accepted the state’s discretionary appeal. 132 Ohio St.3d 1513, 2012-Ohio-4021, 974 N.E.2d 111. In the first proposition of law, the state argues that under R.C. 2953.61, the record of dismissed charges cannot be sealed when the charges arise out of the same set of facts as a charge filed in a separate case that resulted in an unsealable conviction. In the second proposition of law, the state argues that R.C. 2953.61 does not address the timing of an application to seal, but instead prevents partial sealing of a record.
{¶ 7} We now hold that a trial court is precluded, pursuant to R.C. 2953.61, from sealing the record of a dismissed charge if the dismissed charge arises “as a result of or in connection with the same act” that supports a conviction when the records are not sealable under R.C. 2953.36, regardless of whether the dismissed charge and conviction are filed under separate case numbers.
*83 {¶ 8} We therefore reverse the judgment of the Tenth District Court of Appeals and remand this case to the trial court to determine whether the dismissed drug charges arose as the result of or in connection with the same act that led to Pariag’s driving-under-suspension offense.
II. Law and Analysis

Standard of Review

{¶ 9} Because the propositions involve the interpretation of a statute, which is a question of law, we review the court of appeals’ judgment de novo. Med. Mut. of Ohio v. Schlotterer, 122 Ohio St.3d 181, 2009-Ohio-2496, 909 N.E.2d 1237, ¶ 13.
{¶ 10} When construing a statute, a court’s objective is to determine and give effect to the legislative intent. State ex rel. Solomon v. Police & Firemen’s Disability & Pension Fund Bd. of Trustees, 72 Ohio St.3d 62, 65, 647 N.E.2d 486 (1995). To determine legislative intent, a court must first consider the words used in a statute. State v. Maxwell, 95 Ohio St.3d 254, 2002-Ohio-2121, 767 N.E.2d 242, ¶ 10. When a statute’s language is clear and unambiguous, a court must apply it as written. Zumwalde v. Madeira & Indian Hill Joint Fire Dist., 128 Ohio St.3d 492, 2011-Ohio-1603, 946 N.E.2d 748, ¶ 23. Further construction is required only when a statute is unclear and ambiguous. State v. Chappell, 127 Ohio St.3d 376, 2010-Ohio-5991, 939 N.E.2d 1234, ¶ 16.

The Privilege of Sealing a Record

{¶ 11} In this case, the words “expungement” and “sealing” have been interchanged. “Expungement” is a legislative construct with no universally applied definition. Although the word “expungement” was used in R.C. 2953.32, Ohio’s first-time-offender statute, “expungement” was described as a court-ordered “sealfing]” of official records and “delet[ing]” of index references pertaining to a criminal conviction. Am.Sub.S.B. No. 5, 135 Ohio Laws, Part I, 70, 70-71. In 1979, the General Assembly amended R.C. 2953.32, changing the word “expungement” to “sealing,” Am.Sub.H.B. No. 105, 138 Ohio Laws, Part I, 1638; however, “expungement” remains a common colloquialism used[1] to describe the process. Pepper Pike v. Doe, 66 Ohio St.2d 374, 378, 421 N.E.2d 1303 (1981) (referring to R.C. 2953.32 as “Ohio’s criminal expungement statute”); State v. LaSalle, 96 Ohio St.3d 178, 2002-Ohio-4009, 772 N.E.2d 1172, ¶ 3, fn. 2.
{¶ 12} Expungement of a criminal record is an “act of grace created by the state.” State v. Hamilton, 75 Ohio St.3d 636, 639, 665 N.E.2d 669 (1996). It *84 should be granted only when all requirements for eligibility are met, because it is a “privilege, not a right.” State v. Futrall, 123 Ohio St.3d 498, 2009-Ohio-5590, 918 N.E.2d 497, ¶ 6. R.C. 2953.32 et seq. set out the limits of the trial court’s jurisdiction to grant a request to seal the record of convictions or charges that have been dismissed.

Statutory application

{¶ 13} Because Pariag did not seek to seal the record of a conviction, R.C. 2953.52(A)(1), which applies when charges did not result in a conviction, applies. It stated:
Any person who is found not guilty of an offense by a jury or a court or who is the defendant named in a dismissed complaint, indictment, or information, may apply to the court for an order to seal his official records in the case. Except as provided in section 2953.61 of the Revised Code, the application may be filed at any time after the finding of not guilty or the dismissal of the complaint, indictment, or information is entered upon the minutes of the court of the journal, whichever entry comes first.
Former R.C. 2953.52(A)(1), Am.Sub.H.B. No. 17, 149 Ohio Laws, Part IV, 8186, 8192.
{¶ 14} R.C. 2953.52 allows for application to seal the records of a dismissed complaint, indictment, or information “at any time” after dismissal; however, the statute expressly states that this timeframe is subject to the mandatory waiting period in R.C. 2953.61, which governs the sealing of records in multiple charges with differing dispositions.
{¶ 15} R.C. 2953.61 states:
When a person is charged with two or more offenses as a result of or in connection with the same act and at least one of the charges has a final disposition that is different than the final disposition of the other charges, the person may not apply to the court for the sealing of his record in any of the cases until such time as he would be able to apply to the court and have all of the records in all of the cases pertaining to those charges sealed * * *.
(Emphasis added.)
{¶ 16} The statute applies when a person is charged with multiple offenses that arise “as a result of or in connection with the same act.” Although the Tenth District Court of Appeals held that R.C. 2953.61 was unclear with respect to the *85 meaning of the phrase “the same act” and the state misreads these words to mean a conviction, we do not agree that the statute is ambiguous. The “same act” plainly refers to the “same conduct.”
{¶ 17} The Tenth District also held that R.C. 2953.61 merely governs the time for applying to seal a record. But a person cannot apply to have the record of a charge sealed until the records of all the charges can be sealed, and the charge must be one for which the record can be sealed. R.C. 2953.61 states, “[T]he person may not apply * * * in any of the cases until such time as he would be able to apply * * * and have all of the records in all of the cases pertaining to those charges sealed.” In other words, when multiple offenses have different dispositions, an application to seal a record may be filed only when the applicant is able to apply to have the records of all the offenses sealed. Thus, if the record of one charge cannot be sealed, any charges filed as a result of or in connection with the act that resulted in the unsealable charge cannot be sealed. Because R.C. 2953.61 refers to “all of the records in all of the cases,” our holding is not affected by the fact that the different charges were assigned different case numbers.
Relevance of State v. Futrall
{¶ 18} We have already determined that an applicant with multiple convictions in one case may not partially seal his or her record pursuant to R.C. 2953.32 when one of the convictions is statutorily exempt from being sealed under R.C. 2953.36. Futrall, 123 Ohio St.3d 498, 2009-Ohio-5590, 918 N.E.2d 497, ¶21. In Futrall, multiple charges were filed in a single case, but we determined that R.C. 2953.61 did not apply. We did, however, recognize the inherent difficulty of partially sealing records. Id. at ¶ 20.
{¶ 19} Pariag’s charges in two separate cases resulted in different dispositions — one conviction and two dismissals — and thus R.C. 2953.61 is applicable. But because the trial court did not determine whether the charges all arose as a result of or in connection with the same act, it is not clear whether his traffic conviction prevents him from applying.to seal the record of the drug charges. Under R.C. 2953.36(B), a traffic conviction cannot be sealed.
{¶ 20} Pariag is ineligible to have the records of the dismissed drug charges that otherwise would be sealable under R.C. 2953.52(A) and 2953.61 sealed if all charges arose as the result of or in connection with the same act. R.C. 2953.61 thus focuses not on when separate offenses occurred, but on whether they arose from the same conduct of the applicant. Upon remand, the trial court must decide whether the dismissed drug charges stemmed from the same act as Pariag’s traffic violation. If the court finds that the same conduct generated both charges, the conviction for the unsealable traffic offense will prevent records from the otherwise sealable dismissed drug charges from being sealed.
*86 III. Conclusion
{¶ 21} R.C. 2953.61 is unambiguous. A trial court is precluded from sealing the record of a dismissed charge pursuant to R.C. 2953.61 if the dismissed charge arises “as the result of or in connection with the same act” that supports a conviction that is exempt from sealing under R.C. 2953.36, regardless of whether the charges are filed under separate case numbers.
{¶ 22} Pariag filed an application to seal the records of his drug charges that were dismissed in Franklin County Municipal Court case No. 2011 CRB 239. The trial court, on remand, must determine whether those charges arose “as the result of or in connection with the same act” as his traffic conviction in case No. 2011 TRD 100861.
{¶ 23} Accordingly, the judgment of the appellate court is reversed, and the cause is remanded to the trial court.
Judgment reversed and cause remanded.
O’Connor, C.J., and Kennedy and French, JJ., concur.
Pfeifer, O’Donnell, and O’Neill, JJ., dissent.

. The term “expungement” continues to appear in R.C. 2151.358 relating to juveniles, and, in contrast to “sealing” means that no record exists. R.C. 2151.358(F) (“the person who is the subject of the expunged records properly may, and the court shall, reply that no record exists with respect to the person upon any inquiry in the matter”).