[Cite as *State v. R.L.M.*, 2014-Ohio-2661.]

IN THE COURT OF APPEALS OF OHIO

TENTH APPELLATE DISTRICT

| | | |
|---|---|---|
| State of Ohio, | : | |
| Plaintiff-Appellant, | : | |
| | | No. 13AP-981 |
| v. | : | (M.C. No. 2013 CR X 052255) |
| R.L.M., | : | (REGULAR CALENDAR) |
| Defendant-Appellee. | : | |

D E C I S I O N

Rendered on June 19, 2014

*Ron O'Brien*, Prosecuting Attorney, and *Michael P. Walton,* for appellant State of Ohio.

*Yeura R. Venters*, Franklin County Public Defender, and *Emily L. Huddleston,* for appellee.

APPEAL from the Franklin County Municipal Court

DORRIAN J.

{¶ 1} The Franklin County Municipal Court granted an application filed, pursuant to R.C. 2953.52(A)(1), by defendant-appellee, R.L.M. ("appellee"), for sealing of the record[1] of a criminal drug-possession charge filed against him in April 2008 that was ultimately dismissed. Plaintiff-appellant, State of Ohio ("the state"), appeals the judgment sealing the record. For the following reasons, we reverse and remand the case to the municipal court.

---

[1] In Ohio, "expungement" remains a common colloquialism used to describe the process of sealing criminal records pursuant to statutory authority. *State v. Pariag*, 137 Ohio St.3d 81, 83, 2013-Ohio-4010, ¶ 11.

## I. Facts and Case History

{¶ 2} On April 4, 2008, an officer of the Grandview Heights Police Department filed a complaint in the municipal court charging that appellee had, on April 3, 2008, knowingly possessed five unit doses of a Schedule II controlled substance, in violation of R.C. 2925.11(A), a felony of the fifth degree ("drug-possession charge"). The charge proceeded in the municipal court as case No. 2008 CRA 7335. On April 18, 2008, the court dismissed case No. 2008 CRA 7335 at the request of an assistant county prosecutor.

{¶ 3} On August 21, 2013, appellee filed an application, pursuant to R.C. 2953.52,[2] to seal the record of the dismissed felony drug-possession charge. On October 22, 2013, the state filed a written objection to the application, arguing that appellee was not entitled to a sealing of the records of the drug-possession charge pursuant to the decision of the Supreme Court of Ohio in *State v. Pariag*, 137 Ohio St.3d 81, 2013-Ohio-4010, rendered a month earlier on September 19, 2013. In its objection, the state asserted that appellee had been convicted in a separate case of driving under a license suspension ("DUS") and that the DUS offense "arose from the same [April 3, 2008] incident" as the drug-possession charge. (Oct. 22, 2013 Objection, 2.) DUS is a traffic offense described in R.C. 4510.11(A) and is a misdemeanor of the first degree. The state argued that, under R.C. 2953.61 as interpreted in *Pariag,* the court was unable to seal the records of the dismissed 2008 drug-possession case because of the existence of appellee's traffic offense conviction, which is not eligible for sealing.

{¶ 4} The state attached to its objection a copy of the docket sheet of the DUS case, case No. 2008 TRD 128787. That docket sheet reflects that: (1) appellee had been charged with DUS and speeding after having been issued a traffic ticket on April 3, 2008, by the same officer who swore to the criminal complaint in the drug-possession case; (2) appellee had pleaded guilty to DUS on January 23, 2009; (3) the court had found

---

[2] R.C. 2953.52(A)(1) provides:

> Any person, who is found not guilty of an offense by a jury or a court or who is the defendant named in a dismissed complaint, indictment, or information, may apply to the court for an order to seal the person's official records in the case. Except as provided in section 2953.61 of the Revised Code, the application may be filed at any time after the finding of not guilty or the dismissal of the complaint, indictment, or information is entered upon the minutes of the court or the journal, whichever entry occurs first.

appellee guilty of DUS and sentenced him accordingly; and (4) the court had dismissed a separate traffic charge of speeding.

{¶ 5}   The court held a hearing on appellee's application and, on November 19, 2013, it ordered the sealing of the records of case No. 2008 CRA 7335, the drug-possession case.

{¶ 6}   The state has appealed to this court and asserts a single assignment of error, as follows:

> THE TRIAL COURT ERRED IN GRANTING THE APPLICA-TION TO SEAL THE RECORD OF A DISMISSAL, WHERE THE APPLICATION WAS BARRED BY R.C. 2953.61.

## II. Legal Analysis

{¶ 7}   In this appeal, the state argues that the trial court erred in sealing the record of appellee's dismissed drug-possession case, pursuant to R.C. 2953.61, as interpreted by the Supreme Court of Ohio in *Pariag*.

{¶ 8}   The syllabus in *Pariag* provides as follows:

> A trial court is precluded, pursuant to R.C. 2953.61, from sealing the record of a dismissed charge if the dismissed charge arises "as the result of or in connection with the same act" that supports a conviction when the records of the conviction are not sealable under R.C. 2953.36, regardless of whether the charges are filed under separate case numbers.

{¶ 9}   R.C. 2953.61, referenced above, provides as follows:

> When a person is charged with two or more offenses *as a result of or in connection with the same act* and at least one of the charges has a final disposition that is different than the final disposition of the other charges, the person may not apply to the court for the sealing of his record in any of the cases until such time as he would be able to apply to the court and have all of the records in all of the cases pertaining to those charges sealed pursuant to divisions (A)(1) and (2) of section 2953.32 and divisions (A)(1) and (2) of section 2953.52 of the Revised Code.

(Emphasis added.)

{¶ 10}   R.C. 2953.36, also referenced in *Pariag,* provides as follows:

> Sections 2953.31 to 2953.35 of the Revised Code [outlining the criteria, process and effect of the sealing of the records of convictions] do not apply to any of the following:
>
> * * *
>
> (B) Convictions under * * * Chapter * * * 4510. * * * of the Revised Code, or a conviction for a violation of a municipal ordinance that is substantially similar to any section contained in any of those chapters.

{¶ 11} DUS is an offense described in R.C. 4510.11(A), and a DUS conviction is, therefore, a conviction under Chapter 4510, the records of which may not be sealed. Accord *Pariag* at ¶ 19 ("Under R.C. 2953.36(B) a traffic conviction cannot be sealed.").

{¶ 12} The facts in *Pariag*[3] parallel those in the case now before us in that both Pariag and appellee were convicted of one misdemeanor DUS traffic offense, while one or more other drug-related charges that had been contemporaneously, but separately, filed against them were dismissed. That is, in both *Pariag* and the case before us, the court convicted Pariag and appellee of a traffic offense but dismissed a contemporaneously filed, but separate, case alleging drug-related charges.

{¶ 13} In *Pariag*, the Supreme Court held that, under the unambiguous terms of R.C. 2953.61, "[a] trial court is precluded from sealing the record of a dismissed charge pursuant to R.C. 2953.61 if the dismissed charge arises 'as the result of or in connection with the same act' that supports a conviction that is exempt from sealing under R.C. 2953.36, regardless of whether the charges are filed under separate case numbers." *Id.* at

---

[3] This court described the underlying facts in *Pariag* as follows:

> On December 31, 2010, the Ohio State Highway Patrol issued a traffic stop on Interstate 71 in Columbus, Ohio. Appellee's license had previously been suspended, so he was charged with driving under suspension, in violation of R.C. 4510.11(A), a first-degree misdemeanor. At the time of the traffic stop, appellee allegedly had in his possession a plastic bag of marijuana and rolling papers. He was therefore charged with possession of drugs, in violation of R.C. 2925.11(C)(3), a minor misdemeanor, and possession of drug paraphernalia, in violation of R.C. 2925.14(C)(1), a fourth-degree misdemeanor. Separate complaints were filed with respect to the traffic charge and drug charges. Thus, the traffic charge was filed in case No. 2011 TRD 100861, while the drug charges were filed in case No. 2011 CRB 239. Appellee pleaded guilty to the traffic charge in 2011 TRD 100861, and, in exchange, the drug charges in 2011 CRB 239 were dismissed.

*State v. Pariag*, 10th Dist. No. 11AP-569, 2012-Ohio-1376, ¶ 2.

¶ 21.  It held that, if the dismissed drug-related charges against Pariag and the DUS charge "arose as a result of or in connection with the same act," then sealing of the records of the dismissed charges would be precluded.  *Id.*  The Supreme Court remanded the *Pariag* case for the trial court to consider whether Pariag's DUS charge (a traffic offense exempt from sealing) "arose as a result of or in connection with the same act" as did the drug-related charges.

{¶ 14}  In the case before us, it is clear from the Supreme Court's decision in *Pariag* that, if appellee's drug-possession charge and his DUS "arose as a result of or in connection with the same act," then sealing of the records of the dismissed drug-possession charge against him is precluded. As in *Pariag,* however, the record does not reflect that the trial court made a determination as to whether the DUS and the drug-related charges arose as a result of or in connection with the same act.  Accordingly, we sustain appellant's assignment of error to the extent that the state correctly argues that, pursuant to *Pariag,* the trial court erred in sealing the records of appellee's dismissed drug-possession case without having first determined that appellee's DUS charge (a traffic offense not eligible for sealing) "arose as a result of or in connection with the same act" as did the drug-possession charge.

{¶ 15}  The state contends that, in the case before us, the record demonstrates that defendant was cited in both the DUS case and the drug-possession case on the same date, at the same location, and by the same police department.  It argues that all of the charges against appellee accordingly "arose from the same incident" (Appellant's Brief, 10) and that *Pariag* thus precludes sealing of the records of his dismissed felony drug case.  In so arguing, the state implies that charges "arising from the same incident" necessarily equates to charges "arising as a result of or in connection with the same act" and urges us to remand this matter to the trial court with instructions that it deny appellee's application for sealing of the records.

{¶ 16} The Supreme Court in *Pariag*, however, could have, but did not, dispose of that case by remanding it to the trial court with instructions to deny the application. Rather, it remanded the case for the trial court to determine in the first instance whether Pariag's DUS charge and drug-possession charges arose "as a result of or in connection with the same act."  It did so even though the facts were clear in *Pariag,* as in the case now

before us, that the traffic charges and the drug-related charges both arose out of the same traffic stop. *See Pariag* at ¶ 2, as quoted at footnote 3 of this decision. Moreover, the record before us is devoid of facts concerning the events surrounding the traffic stop. We, therefore, order the same disposition in this case as the Supreme Court ordered in *Pariag,* i.e., reversing the judgment sealing the records and remanding to the trial court that ordered the sealing for it to reconsider the application.

### III. Conclusion

{¶ 17} Consistent with the disposition of the Supreme Court in *Pariag,* we sustain the state's assignment of error to the extent that we recognize that the trial court erred in granting sealing of the records without having determined whether appellee's drug-related charges and traffic offenses arose "as a result of or in connection with the same act." We therefore reverse the judgment sealing the records entered by the municipal court and remand the case to that court for it to make that determination in the first instance and to proceed accordingly in considering appellee's application.

*Judgment reversed; cause remanded with instructions.*

KLATT and CONNOR, JJ., concur.

_____