[Cite as *Strongsville v. J.M.B.*, 2014-Ohio-3144.]

# Court of Appeals of Ohio

EIGHTH APPELLATE DISTRICT
COUNTY OF CUYAHOGA

JOURNAL ENTRY AND OPINION
**No. 100680**

## CITY OF STRONGSVILLE

PLAINTIFF-APPELLEE

vs.

## J.M.B.

DEFENDANT-APPELLANT

**JUDGMENT:**
REVERSED AND REMANDED

Civil Appeal from the
Berea Municipal Court
Case No. 10-CRB-00899

**BEFORE:** Keough, J., Rocco, P.J., and Stewart, J.

**RELEASED AND JOURNALIZED:** July 17, 2014

**ATTORNEY FOR APPELLANT**

Richard Agopian
1415 West Ninth Street, Second Floor
Cleveland, Ohio 44113

**ATTORNEY FOR APPELLEE**

George F. Lonjak
Prosecutor, City of Strongsville
16099 Foltz Parkway
Strongsville, Ohio 44149

KATHLEEN ANN KEOUGH, J.:

**{¶1}** Defendant-appellant J.M.B. appeals from the municipal court's judgment denying her application to seal the record of her conviction. Finding merit to the appeal, we reverse and remand.

## I. Background

**{¶2}** In February 2011, J.M.B. was convicted in the Berea Municipal Court of a drug paraphernalia offense in violation of R.C. 2925.14 in Case No. 10-CRB-00899, and reckless operation in Case No. 10-TRC-13444. Both offenses were first-degree misdemeanors.

**{¶3}** In September 2013, J.M.B. filed an applicaton to seal the record of her drug paraphernalia conviction in Case No. 10-CRB-00899. The trial court summarily denied J.M.B.'s application, stating:

> Upon the filing of the Motion to Seal Record, this Court hereby finds, in accordance with ORC 2953.61 "* * * the person may not apply to the court for the sealing of his record in any of the cases until such time as he would be able to apply to the court and have all of the records in all of the cases pertaining to those charges sealed * * *." The case at hand is a companion case to a traffic matter charged on the same date at the same time as the case in question; per ORC 2953.36(B) a traffic matter may not be sealed, therefore the case at hand is not eligible. The Motion to Seal the Record is NOT well taken and is therefore denied.

**{¶4}** J.M.B. appeals from this judgment.

## II. Analysis

**{¶5}** Because both of J.M.B.'s assignments of error involve the interpretation of a statute, which is a question of law, we review the trial court's judgment de novo. *State*

*v. Pariag*, 137 Ohio St.3d 81, 2013-Ohio-4010, 998 N.E.2d 401, ¶ 9, citing *Med. Mut. of Ohio v. Schlotterer*, 122 Ohio St.3d 181, 2009-Ohio-2496, 909 N.E.2d 1237, ¶ 13; *State v. Futrall*, 123 Ohio St.3d 498, 2009-Ohio-5590, 918 N.E.2d 497, ¶ 6-7.

**{¶6}** In her first assignment of error, J.M.B. contends that the trial court erred in denying her motion to seal the record of her drug paraphernalia conviction because R.C. 2953.61 does not apply to this case.

**{¶7}** Under R.C. 2953.61,

> [w]hen a person is charged with two or more offenses as a result of or in connection with the same act and *at least one of the charges has a final disposition that is different than the final disposition of the other charges*, the person may not apply to the court for the sealing of his record in any of the cases until such time as he would be able to apply to the court and have all of the records in all of the cases pertaining to those charges sealed pursuant to divisions (A)(1) and (2) of section 2953.32 and divisions (A)(1) and (2) of section 2953.52 of the Revised Code. (Emphasis added.)

**{¶8}** Thus, the statute applies when a person is charged with multiple offenses that arise "as a result of or in connection with the same act" and the multiple offenses have differing dispositions. *Pariag* at ¶ 14-16. J.M.B. contends that the statute does not apply to this case because the dispositions of the drug paraphernalia and reckless operation charges were the same, i.e., she was convicted of both offenses. We agree. Because the dispositions were the same in both cases, R.C. 2953.61 does not apply. The first assignment of error is therefore sustained.

**{¶9}** In her second assignment of error, J.M.B. contends that the trial court erred in summarily denying her motion without a hearing, as required by R.C. 2953.32(B).

**{¶10}** Under R.C. 2953.32(A)(1), "[e]xcept as provided in section 2953.61 of the Revised Code, an eligible offender may apply to the sentencing court * * *for the sealing of the conviction record." After an application has been filed, "the court shall set a date for a hearing" and the prosecutor may file objections "prior to the date set for the hearing." R.C. 2953.32(B).

**{¶11}** Under R.C. 2953.32(C), if the court determines at the hearing that the applicant is an eligible offender, no criminal proceedings are pending against the applicant, the applicant has been rehabilitated, and the interests of the applicant in having the records sealed outweigh the needs, if any, of the government to maintain those records, the court shall seal the official records of the case.

**{¶12}** The trial court denied J.M.B.'s application for expungement without a hearing in contravention of the statutory requirement for a hearing. This court has repeatedly held that a hearing on an expungement motion is mandatory, and failure to hold a hearing is grounds for reversal. *See State v. R.A.*, 8th Dist. Cuyahoga Nos. 97550 and 97551, 2012-Ohio-2507, ¶ 6. Therefore, we must reverse and remand this matter to the trial court for a hearing. The second assignment of error is sustained.

**{¶13}** Reversed and remanded.

It is ordered that appellant recover from appellee costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this court directing the Berea Municipal Court to carry this judgment into execution.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.


KATHLEEN ANN KEOUGH, JUDGE

KENNETH A. ROCCO, P.J., and
MELODY J. STEWART, J., CONCUR