[Cite as *Blaney v. Perdue*, 2019-Ohio-2550.]

COURT OF APPEALS
LICKING COUNTY, OHIO
FIFTH APPELLATE DISTRICT


| | |
|---|---|
| KIM BLANEY | JUDGES:<br>Hon. W. Scott Gwin, P. J.<br>Hon. John W. Wise, J.<br>Hon. Patricia A. Delaney, J. |
| Plaintiff-Appellant/Cross-Appellee | |
| -vs- | Case No. 18 CA 0071 |
| BILLIE PERDUE | |
| Defendant-Appellee/Cross-Appellant | O P I N I O N |


CHARACTER OF PROCEEDING:     Civil Appeal from the Municipal Court, Case No. 17 CVG 003369

JUDGMENT:     Affirmed in Part; Reversed in Part and Remanded

DATE OF JUDGMENT ENTRY:     June 24, 2019


APPEARANCES:

For Plaintiff-Appellant/Cross-Appellee

KIM BLANEY
PRO SE
1407 Misty Glen Drive
Newark, Ohio 43055

For Defendant-Appellee/Cross Appellant

SONDRA O. BRYSON
SE OHIO LEGAL SERVICES
1108 City Park Avenue
Columbus, Ohio 43206

VALERIE HENDRICKSON
SE OHIO LEGAL SERVICES
15 West Locust Street, Suite A
Newark, Ohio 43055

*Wise, J.*

**{¶1}** Plaintiff-Appellant Kim Blaney appeals the August 16, 2018, decision of the Licking County Municipal Court finding that Appellee Billie Perdue's lease obligations to her were discharged pursuant to her Chapter 7 Bankruptcy.

**{¶2}** Appellee has also filed a cross-appeal in this matter.

<u>STATEMENT OF THE CASE AND FACTS</u>

**{¶3}** The relevant facts and procedural history are as follows:

**{¶4}** On March 13, 2017, Plaintiff-Appellant Kim Blaney entered into a residential Lease Agreement with Appellee/Cross-Appellant Billie Perdue for property located at 90 S. 21st Street, Newark OH, 43055. The lease agreement, signed by both parties, states that "[t]he Full Lease Term shall be Twelve Months, from April 1, 2017, to March 31, 2018." (T. at 23-24).

**{¶5}** On September 21, 2017, Ms. Perdue filed for bankruptcy relief under Chapter 7 of Title 11 of the United States Bankruptcy Code. (T. at 24, 27). Ms. Perdue disclosed the $599 she paid as a security deposit to Appellant Blaney in her list of assets filed with the bankruptcy court. Ms. Perdue also disclosed her obligation under the residential lease agreement in her bankruptcy Schedule G, which explicitly calls for disclosure of "executory contracts and unexpired leases."

**{¶6}** The Trustee in Ms. Perdue's bankruptcy opted against binding the bankruptcy estate to the residential lease by not "assuming" the lease. (T. at 27). Appellant Blaney did not file a claim in Ms. Perdue's bankruptcy for any debt Appellant was owed.

**{¶7}** On December 15, 2017, Appellant/Cross-Appellee Kim Blaney filed a two-count eviction action for forcible entry and detainer and damages under R.C. Chapter 1923 against Appellee/Cross-Appellant Billie Perdue.

**{¶8}** At the time of the filing of the eviction action, Perdue was in the middle of a Chapter 7 bankruptcy. Perdue notified the trial court by filing a notification of filing under Bankruptcy Code and suggestion of stay on December 28, 2017.

**{¶9}** On January 3, 2018, the magistrate issued a decision to stay the case on the basis of the bankruptcy. The trial court adopted the magistrate's decision on January 4, 2018 and the eviction case was stayed.

**{¶10}** On February 13, 2018, Ms. Perdue was granted discharge under 11 U.S.C. 727. Ms. Perdue vacated the residential property on February 28, 2018. (T. at 24, 28).

**{¶11}** On March 13, 2018, Perdue timely filed her answer informing the trial court that Count 1 of the eviction complaint, the claim for forcible entry and detainer, was moot and notifying the trial court that her bankruptcy had been discharged and the eviction case's Count 2, regarding damages, could proceed.

**{¶12}** On March 19, 2018, Appellant then filed a response to Perdue's answer, seeking to continue with the damages portion of the eviction action.

**{¶13}** The trial court scheduled a bench trial for April 30, 2018.

**{¶14}** On April 10, 2018, Perdue filed an amended answer, adding a counterclaim for sub-par conditions of the premises, harassment by the Appellant, and intentional infliction of emotional distress.

**{¶15}** On April 30, 2018, the trial court held the trial on damages.

**{¶16}** During the trial, Perdue moved to dismiss Appellant's claims pursuant to Ohio Civil Rule 41. (T. at 20). The court then dismissed Appellant's claim for damages related to physical damage to the property, leaving only Appellant's claim for unpaid rent. (T. at 22).

**{¶17}** On July 16, 21018, the court issued its decision.

**{¶18}** On August 15, 2018, Perdue filed a motion for entry *nunc pro tunc* due to what appeared to be a drafting error in the Judgment Entry, which directed the Appellant to deduct $300 from the security deposit and remit the remainder to herself.

**{¶19}** On the same day, Appellant filed her notice of appeal.

**{¶20}** On August 16, 2018, the trial court granted Perdue's *nunc pro tunc* motion and also entered a corrected Judgment Entry of verdict. The corrected entry was identical to the version filed on July 16, 2018, except for the correction of one instance of the word "plaintiff' to properly say "defendant."

**{¶21}** In said Entry, the trial court concluded as a matter of law that Perdue, due to residing at the premises for fifteen days after the date of her bankruptcy discharge, was liable for the rent in the prorated amount of $300. The trial court concluded that Perdue failed to prove any of her counterclaims and assessed costs against Perdue.

**{¶22}** Appellant now appeals.

Appellate Rule 16

**{¶23}** Initially, we note that Appellant's *pro se* brief does not comply with the rules for a proper brief as set forth in App.R. 16(A). Appellant's pro se brief fails in almost every respect to comply with the requirements governing the content of the brief of the

Appellant. App.R.16 (A)(1)-(7). Briefs filed in this Court, whether by counsel or pro se, must comply with App.R. 16.

**{¶24}** Appellant's brief does not include a table of cases, statutes, and other authority, in violation of App.R. 16(A)(1) and (2). Appellant's brief does not include a statement of the issues presented for review, as required by App.R. 16(A)(4), or a brief statement of the case, as mandated by App.R. 16(A)(5).

**{¶25}** Most importantly, Appellant has failed, *inter alia*, to set forth any assignments of error or propositions of law or cite to the record in this matter. App.R. 16(A)(3) requires that a brief contain assignments of error presented for review on appeal and that they be included in a separate statement.

**{¶26}** Compliance with the appellate rule is mandatory. Appellant's failure to comply with App.R. 16 is tantamount to failing to file a brief in this matter. Pursuant to App.R. 12(A)(2), we are not required to address issues which are not argued separately as assignments of error, as required by App.R. 16(A). *Kremer v. Cox*, 114 Ohio App.3d 41, 60, 682 N.E.2d 1006 (1996); *Hawley v. Riley*, 35 Ohio St.3d 157, 159, 519 N.E.2d 390 (1988).Such deficiencies permit this Court to dismiss Appellant's appeal. Notwithstanding the omissions in Appellant's brief, in the interests of justice and finality, we elect to review what we believe are the issues raised in Appellant's appeal. *Erdman v. Williams*, 5th Dist. Tuscarawas No. 2012 AP 08 0054, 2013-Ohio-980, ¶ 9.

IMPLIED ASSIGNMENT OF ERROR

**{¶27}** "II. THE TRIAL COURT ERRED WHEN IT FOUND THAT MS. PERDUE'S OBLIGATION TO PAY RENT UNDER THE LEASE WAS DISCHARGED BY HER BANKRUPTCY CASE."

<u>CROSS-APPEAL</u>

**{¶28}** "I. THE TRIAL COURT ERRED BY DETERMINING THAT MS. PERDUE'S DEBT TO APPELLANT UNDER THE LEASE WAS ONLY PARTIALLY DISCHARGED BY MS. PERDUE'S CHAPTER 7 BANKRUPTCY."

**I.**

**{¶29}** Appellant herein argues that the trial court erred in finding that Appellee's obligation to pay rent was discharged under the bankruptcy case. We disagree.

**{¶30}** Appellant's argument centers on the trial court's application of the law, not the discretion of the trial court. Because the issue involves a question of law, we review the trial court's decision *de novo. Med. Mut. of Ohio v. Schlotterer*, 122 Ohio St.3d 181, 2009-Ohio-2496, 909 N.E.2d 1237, ¶ 13; *Accord, State v. Pariag,* 137 Ohio St.3d 81, 2013-Ohio-4010, 998 N.E.2d 401, ¶ 9; *Hurt v. Liberty Township, Delaware County, OH,* 5th Dist. Delaware No. 17 CAI 05 0031, 2017-Ohio-7820, ¶ 31.

**{¶31}** Under 11 U.S.C. § 365(a), a trustee in a bankruptcy case may assume or reject any unexpired lease of the debtor. Section 365(d)(1) provides as follows:

> In a case under Chapter 7 of this title, if the trustee does not assume or reject an executory contract or unexpired lease of residential real property or of personal property of the debtor within 60 days after the order for relief, or within such additional time as the court, for cause, within such 60–day period, fixes, then such contract or lease is deemed rejected.

**{¶32}** 11 U.S.C. § 365(d)(1).

**{¶33}** Upon review, we find the Bankruptcy Trustee did not move to assume or reject Perdue's lease with Appellant Blaney. Therefore, it was deemed rejected. Pursuant

to § 365(g)(1), the rejection is treated as a breach of the lease that took place immediately prior to the filing of the bankruptcy petition. *See In re Lavigne,* 114 F.3d 379, 387 (2d Cir.1997). As explained in Collier on Bankruptcy:

> The purpose of section 365(g) is to make clear that, under the doctrine of relation back, the other party to a contract that has not been assumed is simply a general unsecured creditor. The effect of the breach is to permit the creditor to seek allowance of its claim under § 502. This is affirmed by the definition of the term "creditor" in section 101 which provides that the term includes any entity that has a claim of the type specified in section 502(g). Thus, the effect of a rejection is that a breach is deemed to exist which in the ordinary case will give rise to a claim for damages.

**{¶34}** 3 Collier on Bankruptcy, ¶ 365.09[1] at 365–72 (Lawrence P. King ed., 15th ed., 1999). *In re Miller,* 247 B.R. at 226.

**{¶35}** Therefore, the result of the automatic rejection under § 365(d)(1) was to create a breach of the lease on the part of Appellee Perdue. The rejection is treated as a breach that took place immediately prior to the filing of the bankruptcy petition. 11 U.S.C. § 365(g)(1). This created a pre-petition debt on the part of Appellee Perdue that was discharged under 11 U.S.C. § 727(b):

**{¶36}** Section 727(b) provides in pertinent part:

> [A] discharge ... discharges the debtor from all debts that arose before the date of the order for relief under this chapter, and any liability on a claim that is determined under section 502 of this title as if such claim had arisen before the commencement of the case, whether or not a proof of

claim based on any such debt or liability is filed under section 502 of this title.

**{¶37}** 11 U.S.C. § 727(b).

**{¶38}** Based on the foregoing, we find that the trial court correctly concluded that this language plainly provides for the discharge of Appellant's claim. *In re Miller,* 247 B.R. at 226–27.

**{¶39}** Appellant's Assignment of Error is overruled.

### Cross-Appeal

**{¶40}** Cross-Appellant Perdue argues that the trial court erred in finding in favor of Cross-Appellee Blaney for $300 in unpaid rent. We agree.

**{¶41}** The trial court, in its *Nunc Pro Tunc* Judgment Entry, found Perdue liable to Blaney for rent in the prorated amount of $300 for the period of time that elapsed from the bankruptcy discharge date to the date Perdue vacated the premises.

**{¶42}** In the case of *In re Miller*, 282 F.3d 874 (6th Cir. 2002), the court, in interpreting 11 U.S.C. 727(b), concluded that the language therein plainly provides for the discharge of the landlord's claim, both pre-petition and post-petition.

**{¶43}** Upon review, we find a line of cases rejecting the argument that post-discharge rent survives a debtor's discharge both pre-petition and post-petition. These cases hold that holdover tenants are not liable for post-petition rent simply because they wait for landlords to take the steps to complete an eviction action. "If simply remaining on the premises and awaiting eviction were sufficient to justify a postpetition judgment not subject to discharge, then section 502(g) would have little application." *In re Humbert*, 567 B.R. 512 (Bankr. N.D. Ohio 2017);  *See also Baxter v. Summerfield Inv. Grp., LLC*

*(In re Baxter)*, No. 14–00386, 2015 WL 6122158 (Bankr. D. Md. Oct. 15, 2015) (creditor's action for post-petition rent, including period when debtor continued to occupy premises, violated the discharge injunction).

**{¶44}** We therefore find Cross-Appellant's assignment of error well-taken and sustain same.

**{¶45}** For the foregoing reasons, the judgment of the Licking County Municipal Court is affirmed in part, reversed in part, and remanded for further proceedings consistent with the law and this opinion.

By: Wise, J.

Gwin, P. J., and

Delaney, J., concur.

JWW/d 0618