[Cite as *State v. Herrick*, 2019-Ohio-5047.]

**IN THE COURT OF APPEALS**

**ELEVENTH APPELLATE DISTRICT**

**GEAUGA COUNTY, OHIO**

| | | |
|---|---|---|
| STATE OF OHIO, | : | **O P I N I O N** |
| Plaintiff-Appellee, | : | |
| - vs - | : | **CASE NO. 2018-G-0161** |
| THOMAS G. HERRICK, | : | |
| Defendant-Appellant. | : | |

Criminal Appeal from the Chardon Municipal Court, Case No. 2015 CRB 00212.

Judgment: Reversed and remanded.

*James M. Gillette,* City of Chardon Police Prosecutor, PNC Bank Building, 117 South Street, Suite 208, Chardon, OH 44024 (For Plaintiff-Appellee).

*Harvey B. Bruner,* Harvey B. Bruner Co., LPA, The Hoyt Block Building, Suite 110, 700 West St. Clair Avenue, Cleveland, OH 44113 (For Defendant-Appellant).

CYNTHIA WESTCOTT RICE, J.

{¶1} Appellant, Thomas G. Herrick, appeals from the denial of his motion to seal the record of his conviction for vehicular manslaughter. We reverse and remand the matter for further proceedings.

{¶2} In March 2015, appellant was charged with vehicular homicide, a first-degree misdemeanor, in violation of R.C. 2903.06(A)(3); vehicular manslaughter, a second-degree misdemeanor, in violation of R.C. 2903.06(A)(4); and driving without reasonable control, a minor misdemeanor, in violation of R.C. 4511.202(A). All three

counts were due to a single incident in which appellant drove his vehicle into a restaurant. One restaurant patron was killed.

{¶3} Appellant pleaded no contest to vehicular manslaughter and failure to control. The vehicular homicide charge was dismissed. After accepting the plea, the trial court found appellant guilty of each charge. He was sentenced to one year of probation and a one-year license suspension for vehicular manslaughter.

{¶4} After completing probation, appellant moved to seal the record of his vehicular manslaughter conviction. After holding an oral hearing, the trial court denied the motion. Appellant now appeals and assigns the following as error:

{¶5} "The trial court erred when it denied the appellant's motion to seal the record of his conviction based on an inaccurate assessment of law."

{¶6} In determining whether appellant may have his vehicular manslaughter conviction sealed, R.C. 2953.61(A) is the controlling statute. It provides, in relevant part:

{¶7} [A] person charged with two or more offenses as a result of or in connection with the same act may not apply to the court pursuant to section 2953.32 or 2953.52 of the Revised Code for the sealing of the person's record in relation to any of the charges when at least one of the charges has a final disposition that is different from the final disposition of the other charges until such time as the person would be able to apply to the court and have all of the records pertaining to all of those charges sealed pursuant to section 2953.32 or 2953.52 of the Revised Code.

{¶8} In *State v. Pariag*, 137 Ohio St.3d 3d 81, 2013-Ohio-4010, the Supreme Court of Ohio construed R.C. 2953.61(A) in the context of cases where two or more offenses are charged and the offenses have different dispositions. In *Pariag*, the defendant was charged with two drug charges as well as driving under suspension, in

2

violation of R.C. 4510.11(A), a first degree misdemeanor. Eventually, the two drug charges were dismissed and the defendant pleaded guilty to the M-1 traffic offense, which was not sealable, pursuant to R.C. 2953.36, the statutory section governing "convictions precluding sealing." The Court held:

> {¶9} A trial court is precluded, pursuant to R.C. 2953.61, from sealing the record of a dismissed charge if the dismissed charge arises 'as a result of or in connection with the same act' that supports a conviction when the records of the conviction are not sealable under R.C. 2953.36, regardless of whether the charges are filed under separate case numbers. *Pariag*, *supra*, at syllabus.

{¶10} This matter is distinguishable from *Pariag*. Here, appellant pleaded guilty to failure to control, a minor misdemeanor. Pursuant to R.C. 2953.31(A)(2), a minor misdemeanor, is not a "conviction" under the statutory scheme for sealing records. The defendant in *Pariag* pleaded guilty to a misdemeanor of the first degree, which was a conviction for purposes of the sealing statute. Because the minor misdemeanor is not a conviction in this matter, its factual connection to or association with the vehicular manslaughter charge is inconsequential. Pursuant to R.C. 2953.36(A)(2), only traffic convictions under R.C. Chapter 4511 are precluded from sealing. Without a traffic conviction, we conclude an otherwise eligible offender may move a trial court to seal the record of a conviction.

{¶11} Furthermore, a strict application of the reasoning in *Pariag* would result in an unreasonable and absurd outcome. "The primary rule in statutory construction is to give effect to the legislature's intention" by looking to the language of the statute. *Cline v. Bur. of Motor Vehicles*, 61 Ohio St.3d 93, 97 (1991); *see also Stewart v. Trumbull Cty. Bd. of Elections*, 34 Ohio St.2d 129, 130 (1973). When there is no ambiguity, a court must follow the language employed by the legislature "making neither additions

3

nor deletions from words chosen by the General Assembly." *Hulsmeyer v. Hospice of Southwest Ohio, Inc.*, 142 Ohio St.3d 236, 2014-Ohio-5511, ¶23. "We 'do not have the authority' to dig deeper than the plain meaning of an unambiguous statute 'under the guise of either statutory interpretation or liberal construction.'" *Jacobson v. Kaforey*, 149 Ohio St.3d 398, 2016-Ohio-8434, ¶8, quoting *Morgan v. Adult Parole Auth.*, 68 Ohio St.3d 344, 347 (1994).

{¶12} With this in mind, "[i]t is the duty of the courts, if the language of a statute fairly permits or unless restrained by the clear language thereof, so to construe the statute as to avoid [an unreasonable or absurd] result." *State ex rel. Cooper v. Savord*, 153 Ohio St. 367 (1950), paragraph one of the syllabus. The absurd-result exception to the plain-meaning rule provides "that 'interpretations of a statute which would produce absurd results are to be avoided if alternative interpretations consistent with the legislative purpose are available.'" *Lawson v. FMR, L.L.C.*, 571 U.S. 429, 471 (2014) (Sotomayor, J., dissenting), quoting *Griffin v. Oceanic Contrs., Inc.*, 458 U.S. 564, 575 (1982).

{¶13} Under the circumstances, strictly applying R.C. 2953.61 would require a court to deny an application to seal without considering the substantive merits of the pleading merely because an offender has a minor misdemeanor which does not constitute a conviction under the statutory scheme. It would appear the general assembly excluded certain traffic offenses, such as failure to control, from the preclusion offenses of R.C. 2953.36(A) so as not to render an offender ineligible for the sealing of minor traffic infractions. This is an express benefit the statute affords applicants seeking to seal their record. It would make little sense to preclude an

4

otherwise eligible offender from having his or her application heard simply because there is no express provision for the sealing of a statutorily defined minor misdemeanor non-conviction. To hold otherwise would transform a benefit conferred by the legislature to arguably facilitate the sealing of records into an unsurmountable obstacle to the salutary process of record sealing. This is an absurd outcome.

{¶14} We recognize the process of sealing a defendant's record is a privilege and not a right, an "act of grace created by the state." *State v. Hamilton*, 75 Ohio St.3d 636, 639 (1996). Consequently, the position we take does not imply an eligible offender is entitled to relief. To the contrary, only traffic *convictions* under R.C. Chapter 4511 are precluded and, where a person is charged with two or more offenses in connection with such precluded offenses, R.C. 2953.61(A) operates to negate the possibility of sealing a record. Here, R.C. 4511.202, by definition, is not a conviction, let alone a precluded offense. It is a phantasm. Thus, we shall treat it as such and hold the court is required to consider appellant's application and render a substantive ruling pursuant to proper statutory procedures.

{¶15} Appellant's assignment of error has merit.

{¶16} For the reasons discussed in this opinion, the judgment of the Chardon Municipal Court is reversed and remanded for further proceedings.


TIMOTHY P. CANNON, J., concurs,

THOMAS R. WRIGHT, P.J., dissents with a Dissenting Opinion.

_____

5

THOMAS R. WRIGHT, P.J., dissents with a Dissenting Opinion.

{¶17} I dissent.

{¶18} "[A] person charged with two or more offenses as a result of or in connection with the same act may not apply to the court pursuant to section 2953.32 or 2953.52 of the Revised Code for the sealing of the person's record in relation to any of the charges when at least one of the charges has a final disposition that is different from the final disposition of the other charges *until such time as the person would be able to apply to the court and have all of the records pertaining to all of the charges sealed pursuant to 2953.32 or 2953.52 of the Revised Code.*"  (Emphasis added.)  R.C. 2953.61(A).

{¶19} A conviction for failure to control cannot be sealed, R.C. 2953.36(A)(2), but a conviction of vehicular manslaughter may be sealed provided other eligibility requirements are met.  Whether a conviction for failure to control precludes sealing of a vehicular manslaughter conviction was resolved in *State v. Pariag*, 137 Ohio St.3d 81, 2013-Ohio-4010, 998 N.E.2d 401.

{¶20} In *Pariag*, the defendant was charged with two drug offenses and a traffic offense, all arising from a single incident.  The drug charges were dismissed after the defendant plead to and was found guilty of the traffic offense.  Pariag's motion to seal the dismissed charges was granted.  The Supreme Court reversed, holding that the lower courts misconstrued R.C. 2953.61.  It rejected the argument that R.C. 2953.61 merely delineates a timetable for filing a motion to seal. *Id.* at ¶ 17.  Instead, the statute bars a motion to seal when its requirements are not satisfied: "[W]hen multiple offenses have different dispositions, an application to seal a record may be filed only when the

6

applicant is able to apply to have the records of all the offenses sealed."

{¶21} "A trial court is precluded, pursuant to R.C. 2953.61, from sealing the record of a dismissed charge if the dismissed charge arises 'as the result of or in connection with the same act' that supports a conviction when the records of the conviction are not sealable under R.C. 2953.36, regardless of whether the charges are filed under separate case numbers." *Id.* at syllabus. The conviction precluding sealing in *Pariag* was for, as in our case, a traffic offense.

{¶22} R.C. 2953.61(A) has been modified since *Pariag,* but the language referenced remains substantially the same.

{¶23} The Ohio Supreme Court has further held that given the inherent difficulties of partially sealing a record, R.C. 2953.32 et seq. allows for the sealing of cases, not individual convictions. *State v. Futrall*, 123 Ohio St.3d 498, 2009-Ohio-5590, 918 N.E.2d 497, ¶ 20-21. Thus, if multiple charges arise from the same conduct, none can be sealed unless all can be sealed. *Id.*

{¶24} The trial court properly denied the motion to seal. I would affirm.

7