# IN THE COURT OF APPEALS OF OHIO

## SEVENTH APPELLATE DISTRICT
## BELMONT COUNTY

STATE OF OHIO,

Plaintiff-Appellee,

v.

ASHLEY RENEE MCMANUS,

Defendant-Appellant.

---

**OPINION AND JUDGMENT ENTRY**
Case No. 23 BE 0055

---

Criminal Appeal from the
Court of Common Pleas of Belmont County, Ohio
Case No. 21 CR 0279

**BEFORE:**
Carol Ann Robb, Cheryl L. Waite, Mark A. Hanni, Judges.

---

**JUDGMENT:**
Affirmed.

---

*Atty. J. Kevin Flanagan,* Belmont County Prosecutor*, Atty. Jacob A. Manning,* Assistant
Prosecuting Attorney, for Plaintiff-Appellee and

*Atty. Christopher P. Lacich*, Roth, Blair, for Defendant-Appellant.


Dated: July 3, 2024

**Robb, P.J.**

{¶1} Appellant, Ashley Renee McManus, appeals the December 15, 2023 judgment sentencing her to nine months in prison after pleading guilty to one count of attempted aggravated possession of drugs.

{¶2} Appellant argues the court erred by imposing a nine-month prison term for a technical violation of her community control sanctions. We affirm.

Statement of the Case

{¶3} In October of 2021, Appellant appeared with counsel before the Belmont County Court, Western Division and waived the preliminary hearing. In December of 2021, the Court conducted a bind over hearing. The parties jointly requested a continuance to evaluate Appellant for her eligibility to participate in drug court.

{¶4} On December 17, 2021, a bill of information was filed charging Appellant with three, fifth-degree felony counts: two counts of aggravated possession of drugs in violation of R.C. 2925.11(A), (C)(1)(a), and one count of attempted aggravated possession of drugs in violation of R.C. 2923.02 and 2925.11(A), (C)(1)(a).

{¶5} Appellant's counsel filed a motion for intervention in lieu of conviction, and the case was continued again. At the January 24, 2022 bind over review hearing, the court granted Appellant a personal recognizance bond and ordered her to appear at the probation office two days later. The court set the case for a plea hearing on February 7, 2022. (Jan. 25, 2022 Judgment.)

{¶6} Appellant did not appear at the February 7, 2022 Plea Hearing, and the court issued a warrant for her arrest. (February 7, 2022 Judgment.)

{¶7} Appellant was apprehended on the warrant more than one year later on March 20, 2023. Thereafter, the court scheduled the case for a failure to appear hearing in March of 2023. Appellant signed a waiver of indictment. (April 6, 2023 Waiver of Indictment.)

{¶8} She subsequently agreed to enter a plea of guilty to count one, attempted aggravated possession of drugs, a fifth-degree felony. (April 6, 2023 Plea.)

{¶9} The court found she was eligible to participate in the drug court program, and thus, granted her motion for intervention in lieu of conviction and ordered her to enter

rehabilitation for at least one year and up to three years pursuant to R.C. 2951.041(D) as if she were under community control sanctions. Sentencing was held in abeyance pending Appellant's completion of treatment. The trial court directed Appellant to appear at the next drug court review hearing on April 19, 2023. (April 6, 2023 Judgment.)

{¶10} Appellant signed the Belmont County Drug Court participation agreement. (April 6, 2023 Participation Agreement.)

{¶11} Appellant failed to appear at the drug court review hearing. The court issued another warrant for her arrest. (April 20, 2023 Judgment.) She was apprehended on the warrant, and the court set the case for an August 7, 2023 hearing.

{¶12} The state moved to terminate Appellant's case from drug court. For cause, the state alleged Appellant failed to appear at the drug court review, failed to report to probation for a scheduled office visit, and moved from her approved place of residence. (August 3, 2023 Motion to Terminate.) The court granted the request after an evidentiary hearing. The judgment reflects that Appellant testified and Officer Gossett testified for the state. (August 7, 2023 Judgment.) This hearing transcript is not in the record.

{¶13} The court set Appellant's case for sentencing on August 21, 2023. It sentenced her to three years of community control sanctions to include evaluation, enrollment, and completion of any treatment program recommended by Crossroads Counseling. She was released from jail and ordered to immediately report to her supervision officer. (August 22, 2023 Judgment.)

{¶14} Six days later, the state moved to revoke community control sanctions based on her failure to report to her supervision officer. (August 28, 2023 Motion to Revoke.) A third warrant was issued for Appellant's arrest, and she was arrested November 16, 2023, two months and 25 days after she was to "immediately report." The trial court set the case for a probation revocation hearing.

{¶15} The second stage motion to revoke hearing was held November 27, 2023. Appellant appeared electronically from the justice center and admitted to violating the terms of her community control. (December 6, 2023 Judgment.)

{¶16} At the December 11, 2023 sentencing hearing, counsel for Appellant argued her violation was only a technical violation. The state disagreed and encouraged the court to find it was not a technical violation and to impose the full prison term. The state

emphasized how Appellant failed to appear for months and her failure to appear as ordered by the court shows her unwillingness to participate in the program. The court concluded that Appellant's failure to appear for two months was more than a technical violation. The court also described Appellant as demonstrating an "absolute refusal to be supervised." (December 11, 2023 Tr.)

**{¶17}** The court sentenced Appellant to nine months in prison with credit for time served and waived the mandatory fine. The trial court found the violation of community control sanctions was not a technical violation. (December 15, 2023 Judgment.)

**{¶18}** Appellant sought and was granted a stay of her sentence pending appeal. (January 30, 2024 Judgment.) She raises one assignment of error on appeal.

Violation of Community Control Sanctions

**{¶19}** Appellant's sole assignment of error asserts:

"The trial court erred and imposed a sentence clearly and convincingly contrary to law, when it sentenced the Appellant to a prison sanction for 9 months on a technical violation."

**{¶20}** Appellant's sole assignment of error contends her one-time failure to report to her supervision officer constitutes a technical violation of her community control sanctions, and as such, the trial court erred by imposing a prison term. She asks this court to vacate her sentence and remand.

**{¶21}** R.C. 2929.15(B)(1)(c) provides:

(B)(1) Except as provided in division (B)(2) of this section, if the conditions of a community control sanction imposed for a felony are violated * * *, the sentencing court *may* impose on the violator one or more of the following penalties:

* * *

(c) A prison term on the offender pursuant to section 2929.14 of the Revised Code and division (B)(3) of this section, provided that a prison term imposed under this division is subject to the following limitations and rules, as applicable:

(i) If the prison term is imposed for any technical violation of the conditions of a community control sanction imposed for a felony of the fifth degree, the

prison term shall not exceed ninety days * * *. If the court imposes a prison

term as described in this division, division (B)(2)(b) of this section applies.

(Emphasis added.)   Thus, a trial court has discretion to impose a prison term for a community control violation.  However, the length of the prison term a court can impose is capped when the underlying offense is a fifth-degree felony and the violation is a technical one.  *Id.*

**{¶22}**  In *State v. Nelson*, 162 Ohio St.3d 338, 2020-Ohio-3690, 165 N.E.3d 1110, the Supreme Court of Ohio held that a totality of the circumstances analysis governs whether a violation of one's community control sanctions constitutes a technical violation. The term "technical violation" was not statutorily defined when *Nelson* was decided.  *Id.* at ¶ 18.

**{¶23}**  In April of 2021, the General Assembly amended R.C. 2929.15 to define the term "technical violation."   Consequently, *Nelson* and its progeny are no longer controlling.

**{¶24}**  R.C. 2929.15(E) defines a "technical violation" as:

As used in this section, a "technical violation" means a violation of the conditions of a community control sanction imposed for a felony of the fifth degree, or for a felony of the fourth degree that is not an offense of violence and is not a sexually oriented offense, and to which neither of the following applies:

(1) The violation consists of a new criminal offense that is a felony or that is a misdemeanor other than a minor misdemeanor, and the violation is committed while under the community control sanction.

(2) The violation consists of or includes the offender's articulated or demonstrated refusal to participate in the community control sanction imposed on the offender or any of its conditions, and the refusal demonstrates to the court that the offender has abandoned the objects of the community control sanction or condition.

**{¶25}**  The application of a statute is a question of law which we review de novo. *State v. Pariag*, 137 Ohio St.3d 81, 2013-Ohio-4010, 998 N.E.2d 401, ¶ 9.  "'If the meaning of the statute is unambiguous and definite, it must be applied as written and no

further interpretation is necessary.'" *State v. Nelson*, 162 Ohio St.3d 338, 2020-Ohio-3690, 165 N.E.3d 1110, quoting *State ex rel. Savarese v. Buckeye Local School Dist. Bd. of Edn.*, 74 Ohio St.3d 543, 545, 660 N.E.2d 463 (1996).

**{¶26}** We acknowledge that Appellant's violation of failing to report to her supervisor was not a new criminal offense, was not a crime of violence, and was not a sexually oriented offense. However, as for R.C. 2929.15(E)(2), it is undisputed that Appellant never appeared and reported to her supervisor as ordered. And as stated, the trial court concluded Appellant's violation was not merely a technical one because she failed to appear for more than two months and demonstrated an "absolute refusal to be supervised." (December 11, 2023 Tr.) Thus, the court found R.C. 2929.15(E)(2) applied, and Appellant's actions did not constitute a technical violation.

**{¶27}** Consistent with Appellant's arguments, we agree that the one-time failure to appear when required to meet with one's supervisor *could* constitute a technical violation. However, based on the facts here, we conclude Appellant's violation was not merely technical.

**{¶28}** Although Appellant was afforded the opportunity to rehabilitate under supervision, she continually failed to appear as directed throughout the proceedings. As stated, Appellant failed to appear at the drug court review hearing, and the court issued a second warrant for her arrest. (April 20, 2023 Judgment.) As a result, the state moved to terminate Appellant's case from drug court and alleged Appellant failed to appear at the drug court review, failed to report to probation for a scheduled office visit, and moved from her approved place of residence. (August 3, 2023 Motion to Terminate.)

**{¶29}** The court thereafter sentenced Appellant to three years of community control sanctions to include evaluation, enrollment, and completion of any treatment program recommended by Crossroads Counseling. She was released from jail and ordered to immediately report to her supervision officer. (August 22, 2023 Judgment.) Six days later, the state moved to revoke community control sanctions based on her failure to report. (August 28, 2023 Motion to Revoke.) A third warrant was issued for Appellant's arrest, and she was arrested more than two months later on November 16, 2023.

**{¶30}** Based on the foregoing, we agree with the trial court and conclude that Appellant has demonstrated an unwillingness to participate in community control sanctions. Moreover, the record also shows that her refusal to appear when ordered for her initial meeting with her supervisor and absence for more than two months thereafter until she was arrested shows Appellant abandoned the goals of her community control sanction.

**{¶31}** Accordingly, the trial court did not err by concluding Appellant's violation was not a technical violation and, therefore, not subject to the sentencing cap in R.C. 2929.15(B)(1)(c)(i). Appellant's sole assignment of error lacks merit.

Conclusion

**{¶32}** In light of the foregoing, Appellant's sole assigned error lacks merit and is overruled. The trial court's judgment is affirmed.

Waite, J., concurs.

Hanni, J., concurs.

Case No. 23 BE 0055

[Cite as *State v. McManus*, 2024-Ohio-2588.]

_____

For the reasons stated in the Opinion rendered herein, the assignment of error is overruled and it is the final judgment and order of this Court that the judgment of the Court of Common Pleas of Belmont County, Ohio, is affirmed.  Costs waived.

A certified copy of this opinion and judgment entry shall constitute the mandate in this case pursuant to Rule 27 of the Rules of Appellate Procedure. It is ordered that a certified copy be sent by the clerk to the trial court to carry this judgment into execution.


## NOTICE TO COUNSEL

**This document constitutes a final judgment entry.**